Fred Harris v. The State.

No. 7749.   Decided April 4, 1923.

**1.—Murder—Escape—Custody—Jurisdiction—Dismissal of Appeal.**

Where the State filed its motion to dismiss the appeal upon the ground of appellant's escape from custody, after the adjournment of a trial court and after notice of appeal had been given and the jurisdiction of this sourt had attached; and the affidavits of a number of people are attached to the State's motion, the same must be granted, and the appeal dismissed.

**2.—Same—Case Stated—Escape from Custody.**

Where appellant, after the jurisdiction of this court had attached, escaped from jail and was recaptured the night of the day on which he had made his escape, and at the time had proceeded some sixteen or seventeen miles away from the direction of said jail, and he fled when the officers approached him, and only surrendered after having made efforts to get away, a claim that his purpose in affecting said escape was to try to get bondsmen to go on his bond pending appeal to this court is untenable.

**3.—Same—Statutes Construed—Appellant's Intent to Return.**

Under the statutes governing this matter, this court has very little if any discretion, under articles 912 and 913, C. C. P., and must seriously doubt the right to accept the statement of appellant that he intended at some time in the future to return to the custody of the sheriff.—Following Brown v. State, 5 Texas Crim. App., 126, and other cases; disapproving Leonard v. State, 109 S. W. Rep., 150.

Appeal from the District Court of Kaufman.   Tried below before the Hon. Joel R. Bond.

Appeal from a conviction of murder; penalty, eight years imprisonment in the penitentiary.

The opinion states the case.

*Thos. R. Bond* for appellant.—Cited Leonard v. State, 109 S. W. Rep., 150.

*R. G. Storey,* Assistant Attorney General, for the State.

Lattimore, Judge.—Appellant was convicted in the District Court of Kaufman County of murder, and his punishment fixed at eight years in the penitentiary.

The State has filed its motion to dismiss this appeal upon the ground of appellant's escape from custody after the adjournment of the trial court and after notice of appeal given, and after the jurisdiction of this court had attached.   The affidavits of a number of people are attached to the State's motion.   From them it is made plain that appellant escaped from jail as alleged in the State's motion to dismiss, and was recaptured the night of the day on which he

made his said escape, he being at the time some sixteen or seventeen miles northeast of the county seat of Kaufman County, going away from the direction of said county seat. When ordered to halt by the officer who arrested him, appellant fled and was compelled to surrender after having made speedy efforts to get away. These facts are not controverted in appellant's resistance to the State's motion to dismiss the appeal, but it is set up by appellant that his purpose in effecting said escape was to try to get bondsmen to go upon his bond pending appeal to this court. As tending to show the good faith of his claim appellant alleges without controversy that following his examining trial for the homicide herein charged, he made bond for his appearance before the District Court in case of indictment. The date of the examining trial of appellant does not appear in the affidavits but it was apparently prior to the convening of the November term of the District Court in said county. It is not shown that after indictment appellant made bond or was able to secure bondsmen. It is not shown what bond, if any, was fixed by the trial court after indictment and before appellant's conviction herein. It does appear that the bond on appeal was fixed at $3500. The conviction of appellant seems to have been had on December 13, 1922, and the trial term of the court below adjourned on December 29, 1922. From the affidavits supporting the State's motion it appears that appellant effected his escape on January 6, 1923. It appears that he was in custody and held without bond from the time of the return of the indictment against him until the time of his trial, and that no offer to make bond on his behalf was made prior to said escape. In the supporting affidavit of appellant he says he left jail on the 16th of January, 1923, for the purpose of seeing his friends and parties whom he wanted to go on his appeal bond. Appellant is shown to have had a competent attorney and relatives to whom he might look for the making of bond and the securing of sureties.

As we read the articles of our statute governing the disposition of this matter, we have very little, if any, discretion. It is provided in Article 912, Vernon's C. C. P., that if the defendant, pending an appeal in a felony case, shall make his escape from custody, the jurisdiction of the Court of Criminal Appeals shall no longer attach in the case; and, upon the fact of such escape being made to appear, the court shall, on motion of the attorney general, or attorney representing the State, dismiss the appeal; but the order dismissing the appeal shall be set aside if it shall be made to appear that the accused had voluntarily returned to the custody of the officer from whom he escaped, within ten days. Article 913, C. C. P., provides the means of making proof of the fact of such escape. These articles have been construed by this court in a number of cases. Brown v. State, 5 Texas Crim. App. 126; Lungsford v. State, 10 Texas Crim. App. 118; Leonard v. State, 109 S. W. Rep. 150; Gibson v. State, 83 Texas Crim. Rep., 435, 203 S. W. Rep. 893; Maugia v. State, 90 Texas

Crim. Rep., 539, 236 S. W. Rep., 740. The Leonard case, supra, is the only case that in any way might be taken to support appellant's contention in this matter. Said case was criticised in the Gibson case later as being directly in conflict with the plain provisions of the statute. We are inclined ourselves to that view. There is no contention in the instant case that appellant voluntarily returned to the custody of the officer from whom he made his escape, and in fact the proof shows practically without dispute that when re-arrested he was making every effort to evade return to the custody of said officer. We seriously doubt our right to accept the statement of the appellant that he intended at some time in the future to return to the custody of said sheriff. Not only does this appear to be against the plain declaration of the law, but it establishes a precedent upon which the feelings and opinions of the members of this court as to whether one arrested ten miles or fifty miles or three hundred miles from the place of escape and who appears to be further trying to get away, could avoid the consequences of his act upon this court's belief of the fact that at some future time he intended to return to the custody of the officer from whom he had made such escape.

Having concluded that the State's position in the matter is well taken, its motion to dismiss is granted and a dismissal of the appeal is ordered.

*Dismissed.*