M. W. POKLUDA, Appellant, v. STATE of Texas, Appellee. (No. 12733.)

Court of Criminal Appeals of Texas. June 5, 1929.

Wynne & Wynne and G. O. Crisp, all of Kaufman, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is possession of a still for the purpose of manufacturing intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Upon the written request of appellant, duly verified by his affidavit, the appeal is dismissed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

John SINGLETON, Appellant, v. STATE of Texas, Appellee. (No. 12724.)

Court of Criminal Appeals of Texas. June 12, 1929.

S. G. Sample, of Edna, for appellant.

J. V. Vandenberge, Jr., Dist. Atty., of Victoria, and A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is forgery; the punishment confinement in the penitentiary for five years.

Motion to dismiss the appeal upon the ground of appellant's escape from custody after the jurisdiction of this court had attached is filed by the state. It appears from the sheriff's affidavit that appellant escaped from custody after his appeal to this court had been perfected, and that he did not voluntarily return within 10 days to the custody of the officer from whom he escaped.

Article 824, C. C. P., provides: "If the defendant, pending an appeal in a felony case, makes his escape from custody, the jurisdiction of the Court of Criminal Appeals shall no longer attach in the case. Upon the fact of such escape being made to appear, the court shall, on motion of the State's attorney, dismiss the appeal; but the order dismissing the appeal shall be set aside if it is made to appear that the defendant has voluntarily returned within ten days to the custody of the officer from whom he escaped."

Under the plain terms of the statute, the jurisdiction of this court no longer attaches. Harris v. State, 94 Tex. Cr. R. 182, 249 S. W. 1053, and authorities cited.

The appeal is dismissed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

Harry WILLIAMS, Appellant, v. STATE of Texas, Appellee. (No. 12737.)

Court of Criminal Appeals of Texas. June 26, 1929.

Collins & Martin, of Hillsboro, for appellant.

William C. Morrow, Co. Atty., of Hillsboro, and A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. The judgment of the trial court was reversed in this case in an opinion handed down June 12, 1929. The state filed a motion for rehearing, and, pending the disposition of this motion, it has been properly made to appear by affidavit on file that appellant has died since the rendition of the original opinion. Upon this showing, the appeal is accordingly abated. Original opinion withdrawn.

Appeal abated.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.