**Ex parte Danny EDEN and Mark Kaiser.**

**No. 61097.**

Court of Criminal Appeals of Texas, En Banc.

July 11, 1979.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

TOM G. DAVIS, Judge.

This is a post-conviction application for writ of habeas corpus filed pursuant to Art. 11.07, V.A.C.C.P.

Petitioners were convicted of aggravated robbery. V.T.C.A. Penal Code, Sec. 29.03. The jury assessed punishment for Danny Eden at seven years and for Mark Kaiser at five years. The jury recommended probation for both men.

The trial court entered the following findings of fact and conclusions of law. The court found that (1) both men had been ordered to serve 60 days at the Texas Department of Corrections (TDC) under the "shock probation" provisions of Art. 42.12, Sec. 3f(b), V.A.C.C.P.; (2) Kaiser had served 12 days in jail and Eden 49 days in jail awaiting trial for the present offense; (3) Eden was indigent when awaiting trial;

and (4) an affirmative finding had been made after trial that both men were convicted of a first degree felony in which a firearm was used and exhibited.

The trial court concluded as a matter of law that the petitioners were not entitled to credit against their confinement in TDC for the time spent in jail awaiting trial.

Petitioners contend that they have a statutory right to credit for the time spent in jail under Art. 42.03, Sec. 2, V.A.C.C.P., and a constitutional right to credit under our decision in *Caraway v. State*, Tex.Cr.App., 550 S.W.2d 699.

Article 42.12, Sec. 3f(b), supra, provides: "If there is an affirmative finding that the defendant convicted of a felony of the second degree or higher used or exhibited a firearm during the commission or flight from commission of the offense and the defendant is granted probation, the court may order the defendant confined in the Texas Department of Corrections for not less than 60 and not more than 120 days. At any time after the defendant has served 60 days in the custody of the Department of Corrections, the sentencing judge, on his own motion or on motion of the defendant, may order the defendant released to probation. The Department of Corrections shall release the defendant to probation after he has served 120 days."

Article 42.03, Sec. 2, V.A.C.C.P., provides: "In all criminal cases the judge of the court in which the defendant was convicted shall given the defendant credit on his sentence for the time that the defendant has spent in jail in said cause, from the time of his arrest and confinement until his sentence by the trial court."

Article 42.02, V.A.C.C.P., provides: "A 'sentence' is the order of the court in a felony or misdemeanor case made in the presence of the defendant, except in misdemeanor cases where the maximum possible punishment is by fine only, and entered of record, pronouncing the judgment, and ordering the same to be carried into execution in the manner prescribed by law."

■ The "sentence" contemplated by Art. 42.03, Sec. 2, supra, as defined by Art. 42.02, supra, is the trial court's formal action of committing a defendant to serve his period of punishment in jail or TDC.

■ The action of a trial court pursuant to Art. 42.12, Sec. 3f(b), supra, is an *order* for the confinement of a defendant for a period of 60 to 120 days. This order does not direct the judgment, (in this case, the grant of probation), "to be carried into execution" as does a sentence.

■ We hold that since no sentence is entered when the probationers were ordered confined under Art. 42.12, Sec. 3f(b), the provisions of Art. 42.03, Sec. 2 do not apply. Petitioners are not entitled to jail time credit under this statute.

Likewise, we find the petitioners' constitutional claim without merit.

In *Caraway v. State*, supra, this Court observed that generally there is no federal constitutional right to credit for jail time served prior to sentencing. The exception to this rule is when the defendant is unable to post bond because of indigency and has been sentenced to the statutory maximum. 550 S.W.2d at 705.

■ In the present case, neither petitioner received the maximum permissible punishment for a first degree felony of life or 99 years. V.T.C.A. Penal Code, Sec. 12.32. We find that in the present case no constitutional right to the credit for jail time awaiting trial existed.

The relief sought is denied.

PHILLIPS, J., dissents.