**Ex parte Kevin CRUTHIRDS.**

**No. 01–85–0425–CR.**

Court of Appeals of Texas, Houston (1 Dist.).

Sept. 26, 1985.

David P. Zavoda, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Winston E. Cochran, Jr., Ray E. Speece, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and SAM BASS and HOYT, JJ.

## OPINION

HOYT, Justice.

This is an appeal from an order denying habeas corpus relief. We affirm the trial court's order.

On January 3, 1985, appellant entered a plea of nolo contendere to a charge of involuntary manslaughter. After finding the appellant guilty, the trial judge sentenced him to 10 years confinement, probated. A condition of the probated sentence required that the defendant "submit to a period of detention in a penal institution to serve a term of confinement of not less than 120 days." Tex.Code Crim.P. Ann. art. 42.12, sec. 6b(c) (Vernon Supp. 1985). After serving 48 days in the county jail, appellant filed a writ of habeas corpus complaining that he was not receiving the "good time credit" he was legally entitled to under art. 5118a.

Under art. 5118a, inmates serving a "term of sentence" in the county jail, may be granted "good time" credit, i.e., three days credit for each day served, as a reward for good conduct. The trial court found that appellant was not entitled to relief under art. 5118a.

The sole question for review is whether an inmate serving a jail term assessed as a condition for probation for the felony offense of involuntary manslaughter, under sec. 19.05(a)(2) of the Texas Penal Code, may be awarded good time credit under art. 5118a.

At the hearing below, the trial court denied the writ because it found that appellant's 120-day sentence was a mandatory

condition of probation under art. 42.12, sec. 6b(c) (Vernon Supp.1985).

Art. 42.12, sec. 6b(c) provides:

A court granting probation to a defendant convicted of an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, shall require as a condition of probation that the defendant submit to a period of detention in a penal institution to serve a term of confinement of not less than 120 days.

The trial court reasoned that the 120-day "term of confinement" served under art. 42.12, sec. 6b(c) is not a "term of sentence"; therefore, it does not come within the scope of art. 5118a.

Article 5118a, which was apparently enacted to encourage county jail discipline, provides in part the following:

... Commutation of time for good conduct, industry and obedience may be granted the inmates of each county jail by the sheriff in charge. A deduction in time not to exceed one (1) day for each day of the original sentence actually served may be made from *the term or terms of sentences when no charge of misconduct has been sustained against the prisoner.* This Act shall be applicable regardless of whether the judgment of conviction is a fine or jail sentence or a combination of jail sentence and fine; provided, however, that such deduction in time shall not exceed one-third (⅓) of the original sentence as to fines and court costs assessed in the judgment of conviction. (emphasis added).

■ Generally, art. 5118a is only applicable to prisoners who have been incarcerated in county jails for misdemeanor offenses, not to prisoners convicted of a felony. *See State ex rel. Vance V. Clawson,* 465 S.W.2d 164 (Tex.Crim.App.), *cert. denied,* 404 U.S. 910, 92 S.Ct. 226, 30 L.Ed.2d 182 (1971). However, appellant contends that art. 5118a also applies to prisoners convicted of a felony offense and granted probation, if the prisoner is required to serve a "term of confinement" in the county jail as a condition of receiving probation. The State contends that appellant is not entitled to receive good time credit under art. 5118a because the appellant's "term of confinement" is not actually a "term of sentence" for which good time can be awarded within the scope of art. 5118a. We agree.

The Court of Criminal Appeals has held that imprisonment in jail as a condition of probation is not the same as imprisonment in jail pursuant to a formal sentence. *Ex parte Eden,* 583 S.W.2d 632 (Tex.Crim. App.1979). In *Eden,* two defendants were convicted of aggravated robbery; one was assessed punishment at seven years, the other received a five-year sentence. The jury recommended probation for both defendants. Because the defendants had been convicted of a first-degree felony in which a firearm was used and exhibited, they were ordered to serve 60 days in the penitentiary under the "shock probation" provisions of art. 42.12, sec. 3f(b). On application for writ of habeas corpus, the defendants claimed that they were entitled to "flat time" credit spent in the county jail awaiting trial under art. 42.03, sec. 2, which provides:

In all criminal cases the judge of the court in which the defendant was convicted shall give the defendant *credit on his sentence* for the time that the defendant has spent in jail in said cause from the time of his arrest and confinement until his *sentence* by the trial court. (Emphasis added)

Interpreting the phrase "credit on his sentence," the court held that a "sentence" is the trial court's formal action of directing that the judgment be executed by committing a defendant to serve his term of imprisonment in jail or the Texas Department of Corrections. *Eden,* 583 S.W.2d at 634; *see also* art. 42.02. In contrast, the trial court's order for the confinement of a defendant as a condition of probation is not a sentence because the order "does not direct the judgment (in this case, the grant of probation) 'to be carried into execution' as does a sentence." *Eden,* 583 S.W.2d at 634.

■ Applying the reasoning found in *Eden* to the instant case, we find that the trial court did not enter a "sentence" when it ordered appellant confined as a condition of probation under art. 42.12, sec. 6b(c). Therefore, the "good time" credit which may be deducted from a "term of sentence" under art. 5118a is inapplicable.

The cases relied upon by appellant, *Kopeski v. Martin*, 629 S.W.2d 743 (Tex. Crim.App.1982) (en banc) and *Ex parte Rogers*, 633 S.W.2d 666 (Tex.App.—Amarillo 1982), discuss issues relating to "good time" release, but are distinguishable because they involve defendants whose sentences fall squarely within the scope of art. 5118a.

In *Kopeski*, the defendant was convicted of *misdemeanor theft* and sentenced to 21 days confinement in the county jail. This sentence was to be served from January 4, 1982, until January 25, 1982, thereby limiting the sheriff's authority to commute the sentence. The Court of Criminal Appeals granted defendant's writ of mandamus and held that the trial judge had no authority to place a limit on the operation of art. 5118a. Unlike the instant case, however, there was no question in *Kopeski* that the provisions of art. 5118a applied to the defendant's term of sentence for a misdemeanor conviction.

In *Rogers*, the relator was sentenced to 30 days in jail for criminal contempt and ordered to remain in jail after serving the sentence until she had purged herself of contempt by paying certain costs and delivering possession of her minor children. In a plurality decision granting the relator's habeas corpus, the court found that under art. 5118a, the sheriff is authorized to give good time credit to inmates serving contempt sentences because criminal contempt is analogous to a misdemeanor offense. *Rogers*, 633 S.W.2d at 669.

Therefore, neither *Kopeski* nor *Rogers* controls the case at hand. We follow the reasoning and holding in *Eden*, distinguishing between "a term or terms of sentence" and "term of confinement." Article 42.12, sec. 6b(c), which requires a probationer to

serve a term of confinement is not, by the court's meaning a "sentence"; therefore, art. 5118a is inapplicable.

Accordingly, we deny the relief requested by the appellant in his writ of habeas corpus and remand the case for the sentence to be carried out.