Ex parte Kevin **CRUTHIRDS**,
Appellant.

No. 1108–85.

Court of Criminal Appeals of Texas,
En Banc.

July 2, 1986.

**750**

David P. Zavoda, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and Winston E. Cochran, Jr. and Ray E. Speece, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was charged with involuntary manslaughter. See V.T.C.A. Penal Code, § 19.05. After pleading nolo contendere, the trial court found appellant guilty, and assessed punishment at 10 years confine-

ment in the Texas Department of Corrections probated for a period of 10 years, with a term of 120 days confinement in the Harris County Jail as a condition of probation pursuant to Art. 42.12, Sec. 6b(c), V.A.C.C.P.[1]

Appellant was incarcerated on January 3, 1985. After 48 days confinement in the county jail appellant applied for writ of habeas corpus in the trial court, alleging that he was improperly being denied consideration for good time credits, and if awarded such credits, he would have "served" 120 days. It was stipulated at the hearing that the award of good time credits would result in a total of 120 days credit, but relief was denied on the theory that Art. 5118a, V.T.C.A. (the jail good time statute), applied only to "sentences", not to "terms of confinement." The Court of Appeals affirmed in a published opinion. *Ex parte Kevin Cruthirds*, 697 S.W.2d 845 (Tex.App.—Houston 1985). We will also affirm.

Appellant's sole ground for review before this Court is whether the Court of Appeals, in a question of first impression, was correct in its opinion that Art. 5118a, supra, was inapplicable to Petitioner's incarceration in the Harris County Jail under Art. 42.12, Sec. 6b(c), supra.

We will begin our discussion of this issue with an examination of Art. 5118a, supra, which reads as follows:

In order to encourage county jail discipline, a distinction may be made in the terms of prisoners so as to extend to all such as are orderly, industrious and obedient, comforts and privileges according to their deserts; the reward to be bestowed on prisoners for good conduct shall consist of such relaxation of strict county jail rules, and extension of social privileges as may be consistent with proper discipline. Commutation of time for good conduct, industry and obedience may be granted the inmates of each

1. Art. 42.12, Sec. 6b(c), V.A.C.C.P. reads:
A court granting probation to a defendant convicted of an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, shall require as a condition of probation that the defendant submit to a period of detention in a penal institution to serve a term of confinement of not less than 120 days.

county jail by the sheriff in charge. A deduction in time not to exceed one (1) day for each day of the original sentence actually served may be made from the term or terms of sentences when no charge of misconduct has been sustained against the prisoner. This Act shall be applicable regardless of whether the judgment of conviction is a fine or jail sentence or a combination of jail sentence and fine; provided, however, that such deduction in time shall not exceed one-third (⅓) of the original sentence as to fines and court costs assessed in the judgment of conviction. A prisoner under two (2) or more cumulative sentences shall be allowed commutation as if they were all one sentence. For such sustained charge of misconduct in violation of any rule known to the prisoner (including escape or attempt to escape) any part or all of the commutation which shall have accrued under this Act in favor of the prisoner to the date of said misconduct may be forfeited and taken away by the sheriff, provided that the sheriff has complied with discipline proceedings as approved by the Texas Commission on Jail Standards. No other time allowance or credits in addition to the commutation of time for good conduct herein provided for may be deducted from the term or terms of sentences. The sheriff shall keep or cause to be kept a conduct record in card or ledger form and a calendar card on each inmate showing all forfeitures of commutation time and the reasons therefor.

The statute seems to indicate that the only time good conduct credit may not be given is if the prisoner behaves improperly. Appellant was not denied credits because of misconduct. Both the trial court and the Court of Appeals found that appellant was not entitled to relief under Art. 5118a, supra, because he was serving a term of confinement as a condition of *probation* and was not serving a *sentence*. The trial court reasoned that the 120–day "term of confinement" served under Art. 42.12, Sec. 6b(c), supra, is not a "term of sentence" and therefore does not come within the

scope of Art. 5118a, supra. The Court of Appeals agreed, and based its interpretation of this statute on the following: "A deduction in time ... may be made from the *term or terms of sentences when no charge of misconduct has been sustained against the prisoner.*" [Emphasis added by the Court of Appeals].

Other language in Art. 5118a, supra, however, supports appellant's argument that the statute applies to all prisoners, not just those under sentence; to-wit:

> In order to encourage county jail discipline, a distinction may be made in the terms of *prisoners* so as to *extend to all* such as are orderly, industrious and obedient, comforts and privileges according to their deserts; the reward to be bestowed on *prisoners* for good conduct shall consist of such relaxation of strict county jail rules... Commutation of time for good conduct, industry and obedience may be granted the *inmates of each county jail* by the sheriff in charge. [Emphasis added by author]

Our task is to determine whether Art. 5118a, supra, applies to probation prisoners not under sentence as well as to those serving sentences in the county jail.

The Court of Appeals, in denying petitioner relief, relied heavily on this Court's ruling in *Ex parte Eden*, 583 S.W.2d 632 (Tex.Cr.App.1979). In *Eden*, supra, two defendants were convicted of aggravated robbery; one was assessed punishment at seven years, the other received a five-year sentence. The court granted probation for both defendants. Because the defendants had been convicted of a first-degree felony in which a firearm was used and exhibited, they were ordered to serve 60 days in the penitentiary under the "shock probation" provisions of Art. 42.12, Sec. 3f(b), V.A.C.C.P. In an application for writ of habeas corpus, the defendants claimed that they were entitled to "flat time" credit spent in the county jail awaiting trial under Art. 42.03, Sec. 2(a), V.A.C.C.P., which provides as follows:

> In all criminal cases the judge of the court in which the defendant was convict-

ed shall give the defendant *credit on his sentence* for the time that the defendant has spent in jail in said cause from the time of his arrest and confinement until his *sentence* by the trial court. (Emphasis added by Court of Appeals)

The *Eden* Court held that language in Art. 42.03, Sec. 2(a), supra, generally granting "credit on his sentence" to defendants who had been incarcerated *prior to sentencing*, did not apply to the period the defendants were ordered confined in the Texas Department of Corrections under Art. 42.12, Sec. 3f(b), supra, since this was pursuant to an order, not a sentence. The *Eden* Court reasoned that petitioner was not serving a sentence and therefore was not entitled to jail credit served prior to sentencing. Although the facts in the *Eden* case differ from the instant case, we find the *Eden* decision significantly analogous.

■ A brief discussion of the distinction between a "sentence" and a "term of confinement" is appropriate, since there appears to be some confusion as to the use and legal meaning of these terms. Some confusion in the terminology appears in the lower court records for this cause. The trial court's own language recorded in its minutes states, "Whereupon the Court proceeded, in the presence of said Defendant, to pronounce *sentence* against him as follows...." (emphasis added) The Court of Appeals stated that appellant's "120–day sentence" was a mandatory condition of probation under Art. 42.12, Sec. 6b(c), supra. At the hearing, the trial court stated that as a condition of probation "the petitioner was sentenced to serve 120 days..."; but subsequently ruled that "this being a probation case, there is no sentence in the matter."

Art. 42.02, V.A.C.C.P., defines the term "sentence" as follows:

The sentence is that part of the judgment, or order revoking a probated sentence, that orders that the punishment be carried into execution in the manner prescribed by law.

All the elements of a "sentence" appear to be present in the instant case. Appellant is serving a term of confinement in a county jail pursuant to a formal judgment. Punishment has been carried into execution in the manner prescribed by law: V.T.C.A. Penal Code, § 19.05(a)(2) and Art. 42.12, Sec. 6b(c), supra.

At first glance, a literal reading of Art. 42.02, supra, suggests that the defendant's period of detention may indeed be the result of a "sentence" pronounced upon a defendant. Art. 42.12, Sec. 2 b, V.A.C.C.P., however, instructs us as follows:

"Probation" shall mean the release of a convicted defendant by a court under conditions imposed by the court for a specified period during which the imposition of sentence is suspended.

Following the reasoning of the Court in *Eden*, supra, we find that appellant in this case was not serving a "sentence" since under the statutory definition of probation, imposition of sentence is suspended. This Court reaffirmed that distinction in *Green v. State*, 706 S.W.2d 653, (Tex.Cr.App.1986) wherein we ruled that probationer was not under sentence for the purpose of cumulating sentences under Art. 42.08, V.A.C.C.P. The governing statute reads as follows:

When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment, judgment shall be pronounced in each case in the same manner as if there had been but one conviction except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly.

The defendant in *Green*, supra, was convicted of two separate criminal acts. In his first conviction he was sentenced to ten

years confinement in the Texas Department of Corrections, probated for a period of ten years. A subsequent conviction carried a sentence of eight years confinement in the Texas Department of Corrections. The Waco Court of Appeals overruled his claim that the trial court "improperly cumulated" the judgment granting probation with the eight year prison sentence.

On appeal to this Court, we found that the trial court erred in cumulating the "sentences" and specifically held that a judgment granting probation cannot be cumulated with a judgment that assesses a prison sentence or jail term. Writing for the majority, Judge Campbell clarified the distinction in the following manner:

> "By separating the contents of a judgment in this manner [quoting Art. 42.01, V.A.C.C.P.], the Legislature has clearly distinguished the 'punishment' in a judgment from the 'length of probation' and the 'probationary terms and conditions.' The portion of the judgment that assesses the punishment is one element of the judgment. The portion of the judgment that grants probation, orders a particular probationary period, and sets probationary terms and conditions is a separate element of the judgment suspending the sentence. Thus, probation is not included within the meaning of 'punishment' that can be cumulated; it suspends 'punishment.'"

*Id.* at 656.

■ The next question we must address is whether Art. 5118a, supra, applies to terms of confinement. This statute states in pertinent part:

> ... reduction in time shall not exceed one-third (⅓) of the *original sentence...* No other time allowance or credits in addition to the commutation of time for good conduct herein provided for may be deducted from the *term or terms of sentences.* This Act shall be applicable regardless of whether the judgment of conviction is a fine or *jail sentence* or a combination of *jail sentence* and fine... (Emphasis added)

The term "sentence" is used liberally throughout the jail good time statute.

Since it has been established that appellant was not under sentence during his incarceration in the Harris County Jail, he has no "original sentence" from which time may be reduced. It is clear from a literal reading of this statute that a probationer serving a term of confinement in lieu of a sentence is not entitled to good time credits under this law.

■ Also we look to the language of other statutes. Article 42.12, Sec. 6b(c), supra, states that the defendant must serve a term of "not less than 120 days." It is clear that the Legislature intended in enacting this "shock probation" provision that prisoners such as appellant serve a specified term of confinement without time off for good behavior.

The Court of Appeals also relied on *State ex rel. Vance v. Clawson,* 465 S.W.2d 164 (Tex.Cr.App.), *cert. denied sub nom. Pruett v. Texas,* 404 U.S. 910, 92 S.Ct. 226, 30 L.Ed.2d 182, *rehearing denied* 404 U.S. 996, 92 S.Ct. 529, 30 L.Ed.2d 548 (1971) in determining that Art. 5118a, supra, applies only to misdemeanor offenses. The *Vance* Court held that the sentencing judge did not have authority to grant good time credit for time that defendant spent in county jail pending his appeal from a felony conviction. Thus the Court of Appeals in the instant case reasoned that since appellant's "term of confinement" is the result of a felony conviction, he is not entitled to good time credits. Although the words "misdemeanor" and "felony" do not appear in the jail good time statute, the *Vance* Court stated:

> "It is clear from the history and the wording of the present statute that the same is applicable only to misdemeanor 'terms of prisoners'.... regardless of whether the judgment of conviction is a fine or jail sentence or a combination of jail sentence and fine."

*Vance,* supra, at 167–168.

We therefore hold that since appellant is not serving a jail sentence, he is not entitled to credit under the language of Art.

5118a, supra, which specifically states that the time may be reduced from an "original sentence" or "term or terms of sentences."

The judgments of the trial court and the Court of Appeals are affirmed.

ONION, P.J., not participating.

TEAGUE, J., dissents for the reasons expressed in *Ex parte Rogers,* 633 S.W.2d 666 (Tex.App.—Amarillo 1982).