**Ray MATTA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–87–00222–CR.**

Court of Appeals of Texas,
El Paso.

Aug. 24, 1988.

Richard C. Abalos, Cliff Hardwick, Cliff Hardwick, P.C., Odessa, for appellant.

Hal Upchurch, Dist. Atty., Monahans, for appellee.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a jury conviction for involuntary manslaughter. The jury assessed punishment at five years' imprisonment, probated. We affirm.

■ Point of Error No. One asserts that the lower court erred in delivering a parole instruction to the jury under Tex.Code Crim.Pro.Ann. art. 37.07, sec. 4 (Vernon Supp.1988). *Rose v. State,* 752 S.W.2d 529 (Tex.Crim.App.1987). The error in this case was the subject of trial objection. Therefore, reversal is called for if the error

was calculated to injure the rights of the Appellant, i.e., produce some harm. *Rose v. State,* 752 S.W.2d at 540 (Tex.Crim.App. 1987) (Onion, P.J., concurring and dissenting); *Almanza v. State,* 686 S.W.2d 157, 171 (Tex.Crim.App.1984). Whether the error was objected to or not, the harm inquiry under *Almanza* mandates consideration of the entire record—evidence, argument and charge. *Id.* In this case, the prosecutor, in final argument on punishment, deferred entirely to the jury's discretion in assessing punishment. No recommendation was made by the State. The prosecutor expressly stated that:

> If the jury felt a suitable punishment is ten years in prison, probated with no fine, I have no objection to that.

> If this jury decides two years probation and a $5,000.00 fine, the State has no objection to that.

The defense asked for a minimum assessment of two years' probation and no fine. As previously noted, the jury returned a verdict of five years' probation and no fine. Under these circumstances, we find the *Rose* error harmless. Point of Error No. One is overruled.

■ Point of Error No. Two complains that the trial court imposed a period of confinement of 120 days pursuant to Tex. Code Crim.Pro.Ann. art. 42.12, sec. 6b(c) (Vernon Supp.1988), and erroneously directed in the judgment that this confinement be in addition to the five-year period of probation determined by the jury, i.e., no portion of such confinement is to be credited against the probation period. There is no case law directly on point. The State does not oppose Appellant's position, simply pointing out that the error, if any, is subject to reformation by this Court.

Section 6b(f) of the statute provides that such confinement shall be a condition of probation and that upon any subsequent revocation of probation, the period of incarceration shall be credited towards any resulting prison sentence. Nothing in that section necessarily precludes this period from also being credited toward the five-year probation period.

From the denomination of this custody as a condition of probation, one would initially assume that it would be construed as part of the probationary term. See Tex.Code Crim.Pro.Ann. art. 42.12, sec. 8(a) (Vernon Supp.1988). On the other hand, the fact that prison credit is to be recognized upon any subsequent revocation is at odds with prior doctrine that probation time is not credited against an actual subsequent term of imprisonment. *Wilson v. State,* 471 S.W.2d 416 (Tex.Crim.App.1971). See also *Ex parte Eden,* 583 S.W.2d 632 (Tex.Crim. App.1979), and compare with *Tamez v. State,* 620 S.W.2d 586 (Tex.Crim.App.1981).

Given Section 6b alone, this Court might have been disposed to interpret the provision as permitting double credit for this period, both for satisfaction of the five-year probationary period or, should revocation eventuate, for satisfaction of any ultimate prison term. It is incumbent upon this Court, however, to give full effect to all portions of a statute, making every effort to harmonize seeming incongruities between different provisions. Section 8(b) of Article 42.12 provides that "no part of the time that the defendant is on probation shall be considered as any part of the time that he shall be sentenced to serve." The only way to harmonize Sections 8(b) and 6b is to conclude that double credit is not available. Absent some more definite expression of double credit legislative intent and the elimination of the quoted portion of Section 8(b), a probationer will receive credit for one or the other category of supervision but not both. The other provisions of Article 42.12 providing for some form of ancillary confinement may specify which credit is to be given and may unexpectedly deviate from established general rules, but double credit is not available under the existing statutory framework. Section 6e(a) through (c) of Article 42.12 provides for a custodial condition of probation in which the defendant is expressly precluded from earning good time or ultimate sentence credit. Of course, a Section 6e confinement differs from a Section 6b confinement in that the former is served at a community rehabilitation center but the latter at a penal institution, thereby justifying the different forms of credit despite the denomination of both as conditions of probation. We conclude that there is no error in the judgment in this regard. Appellant's five-year probationary period will commence upon satisfaction of the statutory confinement period. Point of Error No. Two is overruled.

The judgment is affirmed.