### Ex parte Eduardo HERNANDEZ.

#### No. 70263.

Court of Criminal Appeals of Texas, En Banc.

Oct. 12, 1988.

Curtis C. Mason, Huntsville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post-conviction application for writ of habeas corpus brought under the provisions of Article 11.07, V.A.C.C.P. The application was filed in the trial court and the record was subsequently forwarded to this Court.

The record received is altogether too typical of such current post-conviction habeas records forwarded to this Court under the provisions of Article 11.07, supra. All we have received is the sworn habeas application of the applicant, docket sheet of this habeas proceeding with one entry (order denying), the indictment, judgment and sentence of applicant's conviction and the "Memorandum and Order" of the trial court finding "sufficient evidence exists in the record of this cause to reach a determination of the issues brought forward by the applicant" and ordering the record transmitted to this Court. The State filed no answer to applicant's habeas application and no evidentiary hearing was held. There were no findings of fact or conclusions of law by the court. The "order" does not make a recommendation. Only the docket sheet indicates the "writ" was denied. The record as transmitted is meager to say the least, and leaves little except the sworn application of the applicant for this Court to consider. It is difficult for this writer to understand why the trial court and the State would allow records to be forwarded in this condition.

Applicant alleges that on January 13, 1986, he was convicted of unlawful delivery of heroin in the 210th District Court of El Paso County, Texas, and sentenced to serve 30 years in the Texas Department of Corrections. The judgment reflects that the offense was committed "on or about July 7, 1982."

Applicant alleges that prior to his Texas conviction he was received by the New Mexico Corrections Department on July 2, 1984, to serve a sentence for an unidentified conviction; that on July 9, 1984, the El Paso County (Texas) Sheriff's Department requested a detainer be placed by New Mexico authorities on applicant in light of the Texas indictment for unlawful delivery of heroin, and that the request in the form of a letter was received on July 13, 1984, by the New Mexico Corrections Department and honored; that six months later applicant was convicted in El Paso County, Texas, in Cause No. 39045 in the 210th District Court and sentenced to 30 years in the Texas Department of Corrections and was later returned to New Mexico. Applicant further alleges that on November 13, 1986, the Texas Governor signed authorization for deputies to return him to Texas from New Mexico to serve his Texas sentence; that on January 28, 1987, an instrument entered in New Mexico following waiver of extradition, ordered applicant be continued in custody until Texas transported applicant to that state. Applicant was received at the Texas Department of Corrections on March 12, 1987, to serve his Texas sentence.

Applicant further alleges that on January 11, 1988, by letter he requested the judge of the 210th District Court to give him credit on his sentence for time spent in New Mexico under the Texas detainer, and that such credit was denied on the ground that the said district court had no jurisdiction to grant credit for the time applicant was incarcerated in New Mexico.

Applicant urges that he is entitled to credit for all the time spent incarcerated in another jurisdiction when the detainer was placed on him as a result of the cause in which he was later convicted and for which conviction he is now incarcerated in the Texas Department of Corrections. He

cites *Ex parte Pizzalota*, 610 S.W.2d 486 (Tex.Cr.App.1980), and urges he is entitled to credit from the date the detainer request was received by New Mexico and honored (July 13, 1984) to the date he was incarcerated by the Texas Department of Corrections (March 12, 1987). *Pizzalota* supports applicant's position, but applicant's own allegations clearly indicated he was not in New Mexico during all of this time. At some point he was returned to Texas for trial and some time after trial was returned to New Mexico. These times are not clear from the record before us as no dates are given, but it is observed that the court attempted to give applicant some credit on his sentence though its actions are somewhat confusing.

■ The date of the sentence in Cause No. 39045 was January 13, 1986, and the date of the sentence does not change. Frequently trial courts try to "back date" the sentence or order the sentence to commence on a date earlier than imposed to give credit for jail time. This is not proper. The sentence is never dated back, but the defendant is merely given credit from the date of confinement to the date of the sentence, or for actual jail time where applicable. The date of the imposition of the sentence always remains the same. See *Ex parte Griffith*, 457 S.W.2d 60 (Tex.Cr.App. 1970); *Valdez v. State*, 479 S.W.2d 927, 928, n. 3 (Tex.Cr.App.1972); *Ex parte Freeman*, 486 S.W.2d 556, 557 (Tex.Cr.App. 1972); *Rodriguez v. State*, 644 S.W.2d 200, 208 (Tex.App.–San Antonio 1982). See also Article 42.09, V.A.C.C.P.

The sentence imposed on January 13, 1986, stated in the body of the instrument that the sentence was "to date from September 3, 1985." The judgment form dated January 13, 1986, contains the following: "Date To Commence: September 3, 1985."

While improper, it is obvious the trial court was attempting to give applicant credit on his sentence from September 3, 1985, until January 13, 1986, a total of 133 days' credit. To add to the confusion, however, on the judgment form utilized there is found the following: "Time credited 105 days." The trial court attempted to use two different entries or methods of giving credit on the sentence but ended in some inconsistency, a difference of 28 days.[1] Further, the record does not show whether time for which credit was granted was for confinement on said cause after applicant's return from New Mexico or in part for time in confinement on said cause prior to applicant's incarceration in New Mexico.[2]

■ It is observed that where the sentence is silent as to any order of cumulation of sentences or there is an improper order of cumulation the sentence will automatically run concurrently with any other outstanding sentence. See Article 42.08, V.A.C.C.P.; *Ex parte Bates*, 538 S.W.2d 790, 791 (Tex.Cr.App.1976); *Ex parte Downey*, 471 S.W.2d 576 (Tex.Cr.App.1971); *Ex parte Reynolds*, 462 S.W.2d 605 (Tex.Cr. App.1970); *Ex parte Crossnoe*, 155 Tex.Cr. R. 129, 232 S.W.2d 855 (1950); *Ex parte Davis*, 71 Tex.Cr.R. 538, 160 S.W. 459 (Tex. Cr.App.1913). See also *Ex parte Ashe*, 641 S.W.2d 243 (Tex.Cr.App.1982); *Ex parte Jordan*, 562 S.W.2d 483 (Tex.Cr.App.1978). Although there is nothing in the record to show whether the detainer was continued after applicant's Texas conviction the two sentences ran concurrently giving applicant credit on his Texas sentence for the time served in New Mexico after his Texas conviction.

■ For one reason or another applicant is entitled to credit on his sentence in Cause No. 39,045 from July 13, 1984,

---

1. It may be that the 210th District Court will want to alter the judgment form and the wording of its sentences since "back dating" sentences and causing them to commence on a date different than the actual date of sentence is improper. The use of "Time Credited" blank is all that is needed to give credit on the sentence. The blank "Date To Commence" should be eliminated unless used to give the *actual* date of the sentence.

2. Article 42.03, § 2(a), V.A.C.C.P., provides that the judge of the court in which the defendant was convicted "shall" give defendant credit on his sentence for the time that the defendant has spent in jail in said cause from the time of arrest and confinement until his sentence by the trial court.

through March 12, 1987, without deductions. While the record is poorly developed, it appears applicant is entitled to credit on his sentence from July 13, 1984, to September 3, 1985, as a result of the detainer placed on him by Texas with New Mexico authorities. He is entitled for credit on his sentence from September 3, 1985, to January 13, 1986, as a result of the credit granted by the trial court in the sentence as a result of confinement in Texas, being the longer period authorized in the judgment and sentence. Applicant is further entitled to credit on his sentence from January 13, 1986, until March 12, 1987 (the date of incarceration in the Texas Department of Corrections) because his Texas sentence was permitted to run concurrently with the outstanding New Mexico sentence regardless of whether he was in confinement in Texas or New Mexico. Having entered the Texas Department of Corrections on March 12, 1987, he has already been given credit for that date on his sentence.

The appellant is entitled to the relief he seeks. It is so ordered. The Clerk of this Court shall furnish a copy of this opinion to the Texas Department of Corrections.