Victor Vernon WATSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–96–01228–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 20, 1997.

---

6. We note that neither party objected to the improper conditioning instruction.

Rick Davis, Bryan, for appellant.

Joan E. Scroggins, Caldwell, for appellee.

Before MURPHY, C.J., and ANDERSON and O'NEILL, JJ.

## OPINION

O'NEILL, Justice.

■ Appellant, Victor Vernon Watson, pled guilty to delivery of less than one gram of cocaine. TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon Supp.1997).[1] Appellant pled true to two enhancement paragraphs, and the trial court assessed punishment under the habitual offender statute at twenty-five years confinement in the Texas Department of Criminal Justice, Institutional Divi-

sion.[2] Appellant's sentence was reversed by this court and remanded for re-sentencing as a state jail felony after the Court of Criminal Appeal's decision in *State v. Mancuso*, 919 S.W.2d 86 (Tex.Crim.App.1996). The trial court resentenced appellant to two years confinement in the state jail, probated for five years, conditioned upon appellant serving one year in a state jail facility. The judgment reflects no credit for time served pending the appeal. Appellant claims the trial court erred in failing to grant him credit toward the period assessed as a condition of probation[3] for jail time served pending appeal. We find that, because appellant served time in this cause pending his appeal, he is entitled to credit for such time on his state jail condition of probation. Accordingly, we reform the judgment to reflect this credit.

## Discussion

Appellant was erroneously sentenced on November 14, 1995 as a habitual offender and assessed punishment at twenty-five years confinement in the institutional division. Appellant successfully appealed his sentence, and on July 1, 1996 was re-sentenced under the state jail felony statute to "[t]wo (2) years in the Texas Department of Criminal Justice—State Jail Division ... [probated] for a term of Five (5) years beginning on this date [July 1, 1996] ... subject to the following condition of [probation], the defendant shall, during the term of [probation] ... serve 365 days in the [State Jail Division]." The judgment allowed no credit for jail time served while the appeal was pending.

Appellant contends TEX.CODE CRIM.PROC. ANN. art. 42.03, § 3 required the trial court to give him credit toward his condition of probation for the time served between November 14, 1995 and July 1, 1996. Article 42.03, § 3 provides as follows:

---

1. The offense was alleged to have occurred on September 7, 1994, six days after the offense was recategorized as a state jail felony.

2. The State claims appellant was already serving time in the institutional division for other offenses when he was sentenced in this cause.

However, this claim is outside the record and we may not consider it.

3. The statute uses "community supervision" to denote what was formerly termed probation. For ease of reference, we will refer to community supervision under the statute as "probation."

If a defendant appeals his conviction, is not released on bail, and is retained in a jail as provided in Section 7, Article 42.09, pending his appeal, the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent in jail pending disposition of his appeal. The court shall endorse on both the commitment and the mandate from the appellate court all credit given the defendant under this section, and the institutional division of the Texas Department of Criminal Justice shall grant the credit in computing the defendant's eligibility for parole and discharge.

Under this section, an appellant is entitled to credit for time spent in a jail "on said cause." *See Nixon v. State,* 572 S.W.2d 699, 701 (Tex.Crim.App.1978). This is a constitutional requirement that leaves no discretion in the trial court. *Ex Parte Griffith,* 457 S.W.2d 60, 64–65 (Tex.Crim.App.1970) (citing *Robinson v. Beto,* 426 F.2d 797 (5th Cir. 1970)). Because appellant served time "in this cause" while his case was on appeal, the statute would appear to mandate a credit. But the State claims, without citing authority, that appellant is not entitled to a credit on his state jail sentence because (1) jail time cannot be credited against a condition of probation, and (2) time served in the institutional division does not apply toward time to be served in a state jail facility. We disagree.

In evaluating the State's contention that jail time cannot be credited against a condition of probation, we first look to the provisions of the statute, which provides that a defendant is to get credit "on his sentence" for time served in jail pending his appeal. TEX.CODE CRIM.PROC.ANN. art. 42.03, § 3. A "sentence" is defined as "that part of the judgment ... that orders that the punishment be carried into execution in the manner prescribed by law." TEX.CODE CRIM.PROC. ANN. art. 42.02. A "sentence" has been interpreted by the courts to mean "the trial court's formal action of committing a defendant to serve his period of punishment in jail or TDC." *See Ex Parte Eden,* 583 S.W.2d 632, 634 (Tex.Crim.App.1979). An order of

confinement as a condition of probation, on the other hand, imposes a condition by which the sentence is *not* carried into execution but "is suspended in whole or in part." *Ex Parte Eden,* 583 S.W.2d at 634; TEX.CODE CRIM. PROC.ANN. art. 42.12 § 2(2). Thus, the Court of Criminal Appeals has determined that a defendant is not entitled to credit against confinement imposed as a condition of probation for time spent in jail awaiting trial, because such confinement is not a "sentence" under the statute. *Id.* (citing TEX.CODE CRIM.PROC.ANN. art. 42.12, § 3f (b) (Vernon 1979), current version at TEX.CODE CRIM. PROC.ANN. art. 42.12, § 2(2)(B) (Vernon Supp. 1997)).

Applying this logic to the present case, the State claims the July 1, 1996 order requiring appellant to spend one year in the state jail facility was not a "sentence" but a condition of probation. Thus, jail time credit that might be allowed "on his sentence" under Article 42.03, § 3 while the case was on appeal would not apply toward his condition of probation. In other words, since appellant was not ordered to serve a "sentence" but a condition of probation, there is nothing against which the court could apply the credit allowed by the statute. *See Ex Parte Eden,* 583 S.W.2d at 634; *see also Ex Parte Cruthirds,* 712 S.W.2d 749 (Tex.Crim.App. 1986) (holding probationer serving a term of confinement in lieu of a sentence is not entitled to good time credit). Such a credit would only be allowed if and when the appellant's "sentence" was activated by failure to comply with the condition imposed.

We do not believe the reasoning used in *Eden* and *Cruthirds* applies to the present case where it would have the effect of penalizing the appellant for prosecuting his appeal. Prior to the Court of Criminal Appeal's decision in *Ex Parte Griffith,* the Texas Code of Criminal Procedure made the allowance of credit for jail time served pending appeal discretionary with the trial court. 457 S.W.2d 60, 64 (Tex.Crim.App.1970); TEX. CODE CRIM.PROC.ANN. art. 42.03 (Vernon 1967). The Code also provided that in cases where no appeal was taken, the sentence would begin to run on the day it was pronounced, but where an appeal was taken the

sentence would begin to run on the date of the mandate from the court of appeals. *Id.* at 63; TEX.CODE CRIM.PROC.ANN. art. 42.09 (Vernon 1967). The effect of this procedure was that "only those who appeal their convictions run the risk of longer imprisonment since the sentences of those who choose not to appeal begin on the date of the sentence but the sentences of those who appeal unsuccessfully begin on the date of the mandate." *Id.* at 64–65. Because the statutory scheme had the potential to penalize those who chose to appeal their convictions, the court held that the grant of credit for time spent in jail pending appeal was no longer discretionary but constitutionally mandated. *Id.* at 65 (citing *Robinson v. Beto,* 426 F.2d 797 (5th Cir.1970) and *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969) (holding due process requires that a state must keep the avenues of appeal "free of unreasoned distinctions that impede open and equal access to the courts ... [and] a defendant's right of appeal must be free and unfettered.")); *see also Valdez v. State,* 479 S.W.2d 927, 929 (Tex.Crim.App.1972). Article 42.03 was subsequently amended to eliminate the trial court's discretion in this regard. Thus, the purpose behind Article 42.03, § 3 is to place defendants who appeal their convictions in the same position as those who do not appeal.

Reviewing the State's position in light of this statutory purpose, we note that a defendant correctly sentenced under the state jail felony statute, who subsequently did not appeal, would have begun serving his one year condition of probation on November 14, 1995 and satisfied such condition on November 13, 1996. Appellant, on the other hand, would be denied credit on his condition of probation for time served under his erroneous sentence, and would only begin serving time on his condition of probation after his appeal. This would place the defendant who is forced to appeal his erroneous conviction in a different position than a defendant who did not appeal because he was correctly sentenced at the outset. We do not believe such a result passes constitutional muster or comports with the purpose behind Article 42.03.

The State's position has the additional incongruous effect of penalizing the appellant for the court's sentencing error. In *Ex Parte Esquivel,* the Court of Criminal Appeals was faced with an analogous situation. 531 S.W.2d 339 (Tex.Crim.App.1976). There the defendant was convicted of murder with malice, and sentenced to life in prison. He was also convicted of robbery by assault, and sentenced to five years. *Id.* at 340. Through a clerical error the Department of Corrections was not notified of the defendant's life sentence, and he was erroneously released after three years. *Id.* The error was not discovered for ten years. *Id.* at 340–41. The court held that, even though the appellant was released from prison by clerical error, he was nevertheless entitled to jail time credit on his sentence for the period between the erroneous release and the reconfinement, even though the appellant had not in fact been incarcerated. *Id.* at 341. This was because the defendant's erroneous release was due to no fault of his own. *Id.; see also Ex Parte Smiley,* 730 S.W.2d 757 (Tex.Crim.App.1987); *Ex Parte Hudson,* 655 S.W.2d 206 (Tex.Crim.App.1983). We believe the same reasoning should apply to the present case where appellant was originally sentenced erroneously through no fault of his own. Appellant should not have to "start over" because he is no longer serving what turned out to be an erroneous "sentence" that should have originally been a condition of probation.

■ The State next claims that, because the July 1, 1996 judgment specifies that appellant shall serve 365 days in a "State Jail Facility," jail credit for time served elsewhere does not apply. Again the State fails to cite authority, and our review of the case law does not reveal support for such a position. To the contrary, the fact that the time is served is more important than the particular jail in which the appellant served. For example, in *Ex Parte Hernandez,* 758 S.W.2d 594 (Tex.Crim.App.1988), the defendant was serving time in a New Mexico prison when the El Paso Sheriff's Department requested a detainer be placed on him. The defendant was subsequently tried in El Paso and sentenced to thirty years in the Texas Department of Corrections. *Id.* The defendant

was then sent back to New Mexico to complete his New Mexico sentence. *Id.* Upon his return to Texas, the defendant requested credit on his Texas sentence for the time served in New Mexico. *Id.* The Court of Criminal Appeals held that the defendant was entitled to such credit "because his Texas sentence was permitted to run concurrently with the outstanding New Mexico sentence regardless of whether he was in confinement in Texas or New Mexico." *Id.* at 597. This result is consistent with the statute, which provides "[i]f a defendant appeals his conviction ... and is retained *in a jail* ... the judge ... shall give the defendant credit on his sentence for the time the defendant has spent *in jail* pending disposition of his appeal." TEX.CODE CRIM.PROC.ANN. art. 42.03, § 3 (emphasis added). Thus, neither the case law nor the statute are particular as to where the defendant is incarcerated.

For the foregoing reasons, we sustain appellant's point of error. Appellant's sentence is hereby reformed giving jail credit from November 14, 1995, to July 1, 1996, the date of re-sentencing,[4] and, as reformed, the judgment is affirmed.

---

4. We presume the proper authorities will grant appellant credit for the time served in custody from the date of re-sentencing.