NO. 07-01-0273-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 24, 2001

______________________________

IN RE BENJAMIN A. HASSLER, JR., RELATOR

_________________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

By this original proceeding, relator Benjamin A. Hassler, Jr., an inmate proceeding pro se, seeks a writ of mandamus to compel David M. McCoy, presiding judge of the 100th District Court of Carson County, to rule on his nunc pro tunc motion to have his judgment of conviction reflect credit for time served.  Under applicable principles of law, relator’s application must be denied.

By his application, relator asserts he was convicted of murder and sentenced to 99 years confinement on August 24, 1970, but had been incarcerated since December 5, 1969.  He alleges that he did not receive credit for time served for 262 days confinement in the Carson County Jail prior to his conviction, effectually extending his sentence to 100 years instead of 99 years confinement.

Mandamus is an extraordinary remedy available only in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies.  Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).  To be entitled to mandamus relief, relator must show that (1) there is no other adequate remedy at law available, and (2) the act sought to be compelled is a ministerial act.  Healey v. McMeans, 884 S.W.2d. 772, 780 (Tex.Cr.App. 1994).  The meager record provided does not demonstrate that these prerequisites have been satisfied.  No copy of the judgment of conviction is included establishing the merits of relator’s contention nor is there any document establishing that relator was incarcerated for 262 days prior to his conviction. Also, a copy of the motion nunc pro tunc, which relator seeks the Honorable David M. McCoy to rule on, is not attached to the application, and neither is there any indication that relator requested a hearing on his motion followed by the trial court’s refusal to rule.  Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.–Houston [1st Dist.] 1992 (orig. proceeding).  

Although the United States Supreme Court directs that pro se pleadings be held to less stringent standards than formal pleadings drafted by lawyers, relator’s application is lacking in most of the mandatory requirements of Rule 52 of the Texas Rules of Appellate Procedure.  Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).  Moreover, mandamus is not proper where relator has not established a manifest and urgent necessity for relief given the decades that have passed since his conviction.  However, relator may have a remedy by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals pursuant to article 11.07 of the Texas Code of Criminal Procedure.  
See generally
, Ex Parte Hernandez, 758 S.W.2d 594 (Tex.Cr.App. 1988); Ex Parte Pizzalota, 610 S.W.2d 486 (Tex.Cr.App. 1980).

Accordingly, relator’s request for a writ of mandamus is denied.

Don H. Reavis

    Justice

Do not publish.