

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. PD-1816-07

**JOHNNY RAY ABBOTT, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE TENTH COURT OF APPEALS
## ELLIS COUNTY

**HOLCOMB, J., filed a concurring opinion.**

I join the opinion of the Court. I write separately, however, to emphasize that, had appellant timely appealed from the trial court's August 16, 2007, judgment placing him on community supervision, he would have had a valid claim against the trial court's decision to require, as a condition of community supervision, that he serve 180 days in jail without receiving time credit for the 740 days he had already spent in prison awaiting the outcome of his appeal.

A condition of community supervision, to be valid, must have a reasonable relationship to the rehabilitation of the accused, the compensation of the victim, or the protection of the public. *See*

*Tamez v. State*, 534 S.W.2d 686, 691 (Tex.Crim.App. 1976). In light of the very lengthy post-judgment incarceration endured by appellant in this case, it was unreasonable for the trial court to require him to serve an *additional* 180 days in jail as a condition of community supervision. It is inconceivable that such further incarceration would have had any reasonable relationship to appellant's rehabilitation or to the protection of the public.

In addition, the United States Supreme Court has held that the Fifth Amendment protection against double jeopardy is violated whenever punishment already endured for an offense is not fully subtracted from any new punishment imposed. *North Carolina v. Pierce*, 395 U.S. 711, 718 (1969). In my view, that crediting principle applies with equal force to the probation condition in question – really, a new type of punishment – imposed for the same conviction after appeal.

Finally, I agree with the court of appeals that "denial of time credit [in a situation like the one here] would have the effect of penalizing a defendant [for] prosecuting his appeal, and a defendant should not have to 'start over'" once he is correctly sentenced. *Abbott v. State*, 245 S.W.3d 19, 22 (Tex.App.–Waco 2007) (quoting *Watson v. State*, 942 S.W.2d 723 (Tex.App.–Houston [14th Dist.] 1997, no pet.).

DELIVERED SEPTEMBER 10, 2008

PUBLISH