

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-13-00442-CR

Roberto Gonzalez **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 1, Webb County, Texas
Trial Court No. 2010-CRB-000057-L1
Honorable Alvino (Ben) Morales, Judge Presiding

Opinion by:     Sandee Bryan Marion, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  March 5, 2014

AFFIRMED

Appellant, Roberto Gonzalez Martinez, was arrested for his second driving while intoxicated offense. After spending more than seventy-two continuous hours in jail, appellant entered into a plea agreement with the State and pled guilty to the offense. The trial court assessed a one year sentence, suspended the one year sentence, and placed appellant on community supervision pursuant to the terms of the plea agreement. The trial court's judgment also requires appellant to "serve [seventy-two hours] pending appeal."

When granting community supervision for a second driving while intoxicated conviction, the Texas Code of Criminal Procedure provides that a trial court shall "require as a condition of community supervision that the defendant submit to not less than seventy-two hours of continuous confinement . . . ." TEX. CODE CRIM. PROC. ANN. art. 42.12, § 13(a)(1) (West Supp. 2013). The Code also requires that a defendant be given credit on his sentence for any time spent in jail between arrest and sentencing. *See id.* at art. 42.03, § 2(a)(1).

The issue in this case is whether the time appellant spent in jail between arrest and sentencing may be credited toward satisfaction of the confinement imposed as a condition of his community supervision. Because the requirement that a defendant be given credit on his sentence does not apply to confinement imposed as a condition of community supervision, we affirm.

## STANDARD OF REVIEW

Statutory construction is a question of law that is reviewed *de novo*. *Boston v. State*, 410 S.W.3d 321, 325 (Tex. Crim. App. 2013). When interpreting a statute, "we seek to effectuate the collective intent or purpose" of the Legislature. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). To ascertain legislative intent or purpose, we look to the plain language of the statute. *Swearingen v. State*, 303 S.W.3d 728, 732 (Tex. Crim. App. 2010). When interpreting the plain language of a statute, "each word, phrase, clause, and sentence . . . should be given effect if reasonably possible." *Tapps v. State*, 294 S.W.3d 175, 177 (Tex. Crim. App. 2009). If the plain language of the statute is ambiguous or would lead to absurd results the Legislature could not have possibly intended, only then may we consider extra-textual sources to ascertain intent or purpose. *Boston*, 410 S.W.3d at 325; *Boykin*, 818 S.W.2d at 785.

## DISCUSSION

A trial court is required to give a "defendant credit on the defendant's *sentence* for all time the defendant has spent in jail for the case . . . from the time of his arrest and confinement until his

sentence by the trial court." TEX. CODE CRIM. PROC. ANN. art. 42.03, § 2(a)(1) (emphasis added). A trial court that grants "community supervision to a defendant convicted of an offense under Chapter 49 [of the Penal Code]," which includes a second offense of driving while intoxicated, "shall require as a condition of community supervision that the defendant submit to not less than seventy-two hours of continuous confinement . . . ." *Id*. art. 42.12, § 13(a)(1). "The confinement imposed shall be treated as a condition of community supervision . . . ." *Id*. § 13(e).

Appellant argues the trial court erred by refusing to credit the time he spent in jail against the seventy-two hour confinement that is a condition of his community supervision. He contends the confinement constitutes a "sentence" within the meaning of article 42.03 of the Code, and because he was already confined longer than seventy-two continuous hours for the same offense, the time he has already spent in jail is sufficient to satisfy the continuous confinement condition of community supervision. The State argues article 42.03 does not apply because the confinement is a condition of community supervision rather than a sentence.

Appellant's argument erroneously construes a condition of community supervision as the equivalent of a sentence. There is, however, a distinction. To be entitled to credit on his sentence for the time spent in jail, appellant must be serving a sentence. *See* TEX. CODE CRIM. PROC. art. 42.03, § 2(a)(1). A sentence is the part of the judgment that directs the punishment to be carried out.[1] *See Ex parte Eden*, 583 S.W.2d 632, 634 (Tex. Crim. App. 1979). Sentence has also been interpreted to mean "the portion of the judgment setting out the terms of punishment," *State v. Ross*, 953 S.W.2d 748, 750 (Tex. Crim. App. 1997), and "the trial court's formal action of committing a defendant to serve his period of punishment in jail." *Watson v. State*, 942 S.W.2d

---

[1] "The sentence is the part of the judgment, or order revoking a suspension of the imposition of a sentence, that orders that the punishment be carried into execution in the manner prescribed by law." TEX. CODE CRIM. PROC. art. 42.02.

723, 725 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (quoting *Ex parte Eden*, 583 S.W.2d at 634).

Community supervision, on the other hand, involves the suspension of a sentence.[2] *See also Chauncey v. State*, 877 S.W.2d 305, 307 (Tex. Crim. App. 1994) (stating defendant placed on community supervision as alternative to sentence). Confinement as a condition of community supervision imposes a condition by which the sentence is not carried into execution but is instead "suspended in whole or in part." *See* TEX. CODE CRIM. PROC. art. 42.12, § 2(2); *Ex parte Eden*, 583 S.W.2d at 634; *Watson*, 942 S.W.2d at 725. "In other words, community supervision is an arrangement *in lieu of* the sentence, *not as part of* the sentence." *Speth v. State*, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999) (emphasis in original).

The Code also lists twenty-nine items a trial court's judgment must reflect, including "the length of community supervision, and the conditions of community supervisions" and "[t]he term of sentence." *See* TEX. CODE CRIM. PROC. art. 42.01, § 1(10) & (15). The sentence and the conditions of community supervision are each separate parts of the "judgment." *Id.* Therefore, while community supervision is considered part of the judgment, it is not considered part of the sentence within the meaning of the Code. *Speth*, 6 S.W.3d at 532. The fact that the Code separately lists community supervision from the sentence is further evidence that a condition of community supervision is not equivalent to a sentence. *See id.*

The Court of Criminal Appeals has also recognized this distinction and concluded that confinement imposed as a condition of community supervision does not constitute a sentence

---

[2] Community supervision means the placement of a defendant by a court under a continuum of programs and sanctions, with conditions imposed by the court for a specified period during which:
    (A) criminal proceedings are deferred without an adjudication of guilt, or
    (B) a sentence of imprisonment or confinement, imprisonment and fine, or confinement and fine, is probated and *the imposition of a sentence is suspended* in whole or in part.
TEX. CODE CRIM. PROC. art. 42.12, § 2(2) (emphasis added).

within the meaning of article 42.03. In *Ex parte Eden*, the Court first distinguished a sentence from community supervision. *Ex parte Eden*, 583 S.W.2d at 634. The Court then held that article 42.03's requirement that a defendant be given credit on his sentence did not apply to confinement imposed as a condition to community supervision under article 42.12 because the confinement was pursuant to an order rather than a sentence. *Id*. The Court reaffirmed this distinction and the reasoning of *Eden* when the Court denied a defendant's petition seeking good time credit for time spent in jail prior to sentencing, concluding confinement as a condition of community supervision was not a sentence within the meaning of article 42.03. *See Ex parte Cruthirds*, 712 S.W.2d 749, 752 (Tex. Crim. App. 1986). Since deciding *Cruthirds*, the Court has continued to recognize this distinction. *See Speth*, 6 S.W.3d at 535 (noting that "community supervision is not a sentence or even part of a sentence"); *see also Mayes v. State*, 353 S.W.3d 790, 794–95 (Tex. Crim. App. 2011) ("Numerous Texas cases show that the sentence and the community supervision period are entirely different matters.").

We conclude the confinement imposed as a condition of appellant's community supervision is not a "sentence" within the meaning article 42.03. *See Ex parte Eden*, 583 S.W.2d at 634; *Ex parte Cruthirds*, 712 S.W.2d at 752; *Watson*, 942 S.W.2d at 725. Therefore, appellant is not entitled a credit against his community supervision confinement. Accordingly, we affirm the trial court's judgment.

Sandee Bryan Marion, Justice

Publish