Frank Gilbert v. The State.

No. 4846.    Decided May 1, 1918.

**1.—Escape—Motion to Reinstate—Dismissal.**

Where on a former day of the term the appeal was dismissed on account of the escape of appellant, and motion is made to reinstate the appeal, but the record showed that defendant broke jail and escaped and there was nothing to indicate that it was his purpose to return, the motion to reinstate must be overruled. Following Lunsford v. State, 10 Texas Crim. App., 118, and other cases.

**2.—Same—Insanity—Practice on Appeal.**

Where the only matter to be reviewed by this court upon motion to dismiss the appeal on account of the escape are matters involved in said escape, the issue of insanity presented during the defendant's trial can not be considered.

Appeal from the District Court of Liberty. Tried below before the Hon. L. B. Hightower.

Appeal from a conviction of murder; penalty, death.

The opinion states the case.

*E. B. Pickett,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

ON MOTION TO REINSTATE APPEAL.

May 1, 1918.

DAVIDSON, Presiding Judge.—On a former day of the term this appeal was dismissed on account of the escape of appellant. This was made to appear satisfactory to the court at the time. Motion is made to reinstate the appeal. The facts show, both in the motion to reinstate and the original showing, that defendant had escaped; that he broke jail near midnight and was captured by the sheriff the next day some time about twelve miles from the jail from which he escaped. There is nothing to indicate in the motion that it was his purpose to return, or that he was returning. The sheriff captured him. Under all the authorities, which are found collated in Vernon's Crim. Stats., pp. 875-876,

this was an escape, and not evidence of a voluntary return. The general proposition is laid down and supported by all the authorities that where a defendant, pending his appeal, escapes from the custody of the sheriff, and not voluntarily returning within ten days, the appeal will be dismissed, and where he has been recaptured before the lapse of ten days his escape, nevertheless, divests the court of the jurisdiction of the appeal. A recapture within ten days, while preventing a voluntary return of the defendant into custody, will not restore jurisdiction of the appeal. Lunsford v. State, 10 Texas Crim. App., 118; Ex parte Wood, 19 Texas Crim. App., 46; Loyd v. State, 19 Texas Crim. App., 173. These decisions follow the statute, which is art. 912, C. C. P., 1911.

It is claimed in the motion that there was an issue on the trial of defendant's insanity. This was decided against him by the jury, but this would not entitle him to have his appeal reinstated any more than any other adverse question in the case. Any issue in the case properly presented on the record would be reviewed by the court in passing upon the transcript on its submission, but this court is not authorized to enter into an examination of the issues presented in the transcript on appeal while there is pending before it a motion to reinstate the appeal which had been dismissed on a previous day of the term on account of the voluntary escape of defendant. This court would not be authorized to resolve itself into a trial court to review any question presented on the record on appeal from the conviction. The only matter to be reviewed by the court upon motion to dismiss the appeal on account of escape would be the matters involved in the escape. The question is whether he voluntarily escaped and not what the merits were on the trial of his case before the jury.

The motion to reinstate the appeal will, therefore, be overruled.

*Overruled.*