### J. G. MAUGIA V. THE STATE.

#### No. 6529. Decided January 11, 1922.

**Burglary—Escape—Affidavit—Practice on Appeal—Jurisdiction.**

Where the affidavit of the sheriff alleged the escape from jail of the appellant and the recapture of him on the following day, this ousted the juris-

diction of this appeal to this court, and the same is dismissed.  Following Lunsford v. State, 10 Texas Crim. App., 118, and other cases.

Appeal from the District Court of Coleman.  Tried below before the Honorable J. O. Woodward.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

*T. H. Strong,* for appellant

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The appeal is from a judgment convicting the appellant of the offense of burglary.

The Assistant Attorney General suggests the escape of appellant, attaching the affidavit of the sheriff of Coleman County to the effect that the appellant escaped from jail on the 20th day of December last and was recaptured on the following day.  This escape ousted this court of jurisdiction of his appeal.  Code of Crim. Proc., Art. 912. Jurisdiction is not restored by his recapture.  Lunsford v. State, 10 Texas Crim. App., 118; Ex parte Wood, 19 Texas Crim. App., 46; Loyd v. State, 19 Texas Crim. App., 137.

The appeal is dismissed.

*Dismissed.*