## C. Pendergrass v. The State.

No. 7397. Decided October 25, 1922.

Forgery—Escape—Jurisdiction—Practice on Appeal.

By the express terms of Article 912 C. C. P., the jurisdiction of this Court no longer attaches after appellant escapes, and his recapture, not being a voluntary return, does not reinstate the appeal, nor does the later appeal bond do so. Following Ex parte Wood, 19 Texas Crim. App. 46, and other cases.

Appeal from the District Court of Hall. Tried below before the Hon. J. A. Nabers.

Appeal from a conviction of forgery; penalty, three years' imprisonment in the penitentiary.

The opinion states the case.

*W. A. McIntosh,* and *Presler & Hamilton,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Upon conviction for forgery appellant was given three years in the penitentiary.

Motion for new trial was overruled June 27, 1922, and notice of appeal given. Court adjourned June 30th. It is now made to appear by affidavit of the jailer and deputy sheriff that appellant escaped from jail on July 3d and was recaptured on July 4th and returned to his custody; that the return was not voluntary on appellant's part. We find in the record an appeal bond, property approved, executed on August 5th. The motion to dismiss the appeal must be sustained. By the express terms of Article 912, C. C. P., the jurisdiction of this Court no longer attached after appellant's escape. The recapture was not a voluntary return, and did not reinstate the appeal. Ex parte Wood, 19 Texas Crim. App., 46; Loyd v. State, 19 Texas Crim. App., 137; Lunsford v. State, 10 Texas Crim. App., 118. Neither did the appeal bond subsequently entered into restore the jurisdiction of this court.

The appeal is dismissed.

*Dismissed.*