# OCTOBER, 1924.

### Roy Mitchell v. The State.

#### No. 9045.   Delivered Oct. 21, 1924.

#### Appeal dismissed.

**Murder—Escape Pending Appeal—Operates As Dismissal.**

Appellant, who was convicted of murder, and his punishment fixed at death, pending his appeal to this court, escaped from the county jail of Lamar County, and fled the State.   He was apprehended in Pine Bluff, Arkansas, and delivered to the Sheriff of Lamar County on the tenth day after his escape.   He did not voluntarily return, or surrender.   Based upon these facts there is a motion to dismiss the appeal by the State's attorney.   Under Art. 912, C. C. P., the escape of appellant and his failure to voluntarily return to custody within ten days, deprives this court of the authority to consider the appeal upon the merits, and same is dismissed.

Appeal from the District Court of Lamar County.   Tried below before the Honorable Ben E. Denton, Judge.

Appeal from a conviction of murder; penalty fixed at death.

No brief filed for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

MORROW, Presiding Judge.—The offense is murder; punishment fixed at death.

The verdict was rendered at the May, 1924, term of the district court of Lamar County.   The motion for new trial was overruled and notice of appeal entered on the 17th day of May, 1924.   The statement of facts and bills of exception were filed in the trial court, partly on May 23rd and partly on July 18, 1924.

By the affidavit of J. E. Brown, sheriff of Lamar County, dated the 11th day of October, 1924, it is made to appear that the appellant made his escape from the county jail of Lamar County, where he was confined pending the result of the appeal of his case, the escape taking place on the 31st day of July, 1924.

It is asserted in the affidavit that the appellant made a key which he used in unlocking the doors of the jail; that he made his escape during the night by descending from the fourth story of the jail, using a rope made of blankets; that after fleeing the country he was arrested in the city of Pine Bluff, Arkansas, upon another crime charged against him. The sheriff learned of the appellant's whereabouts on the tenth day after

his escape and he was delivered to him by the officers of the State of Arkansas who had him in custody. It is also stated in the affidavit that the appellant did not voluntarily return or surrender.

Based upon this affidavit, there is a motion to dismiss the appeal made by the State's attorney. We find nothing in the record controverting the truth of the affidavit, and are constrained, in obedience to the statute, to grant the motion. The escape of the appellant and his failure to voluntarily return to custody within ten days deprives this court of the authority to consider the appeal upon the merits. Art. 912, C. C. P. The affidavit of the sheriff is declared by statute to be sufficient evidence upon which to authorize this court to dismiss the appeal. See Art. 913, C. C. P.; Maugia v. State, 90 Texas Crim. Rep., 539, and cases there cited; also Pendergrass v. State, 92 Texas Crim. Rep., 467.

The appeal is ordered dismissed.

*Dismissed.*