## ROY MITCHELL v. THE STATE.

### No. 9045.   Delivered Jan. 28, 1925.

**1.—Murder—Escape—Appeal Dismissed—Motion to Reinstate—Refused.**

Appellant, Roy Mitchell, was convicted in Lamar County of murder, and his punishment fixed at death. Pending his appeal to this court he escaped from the county jail of Lamar County, and fled to the State of Arkansas, where he was apprehended. On presentation of the proper affidavits, and a motion by the State, this court ordered his appeal, dismissed.

**2.—Same—Mandate—Issuance of—Power to Recall—Habeas Corpus.**

The order of dismissal was made on the 29th day of October, 1924, and the motion for rehearing was filed on the 15th day thereafter. The mandate should not have been issued until 15 days after the order of dismissal. When this court learned that the mandate had been issued, prematurely, it was ordered recalled. Without knowledge that the mandate had been recalled, the trial court entered sentence against appellant on the 20th day of November, 1924, fixing the date of his execution on the 13th day of Feb. 1925. Appellant filed a motion to set aside the sentence, which was denied, and notice of appeal given.

**3.—Same—Continued.**

In obedience to the sentence appellant was taken to Huntsville and delivered to the warden of the penitentiary to await the date of his execution. His counsel have presented here an application for a writ of habeas corpus. This court having ordered the mandate withheld, the jurisdiction to pronounce sentence upon the appellant, was not in the court below. It is further considered by this court that the relator should not be executed under the sentence heretofore pronounced, but that the application for writ of habeas corpus be granted, and that relator be delivered to the Sheriff of Lamar county, subject to the order of the District Court in which he was tried, to the end that he may be legally sentenced to suffer death in accord with the judgment of conviction.

Original proceeding and application for a writ of habeas corpus, in the Court of Criminal Appeals of Texas.

On motion to reinstate appeal, and application for writ of habeas corpus, consolidated.

The opinion states the case.

*Mitchell & Mitchell,* of Paris, for relator.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

### ON MOTION TO REINSTATE APPEAL AND APPLICATION FOR WRIT OF HABEAS CORPUS CONSOLIDATED.

MORROW, PRESIDING JUDGE.—In addition to the affidavit of the sheriff which was before this court at the time the original opinion dismissing the case was rendered, there now appear other affidavits. In one of them appellant declares that after his conviction, he was incarcerated with two white men who secured a key, opened one of the windows of the jail, and forced the appellant, Jack Childs and others to leave the jail with the white men, whose names were Tom Saylors and Jess Smith. According to the affidavit, these men threatened to cut the appellant's throat if he failed to obey their commands. Saylors had in his hand a bottle which he claimed to contain a high explosive and with which the jail and all in it would be blown up if the appellant failed to obey their orders; that not voluntarily but upon this coercion he accompanied Saylors, Smith, Childs and the two other negro boys and went to Pine Bluff, Arkansas, where he and Childs stopped "for the purpose of giving ourselves up and returning to Paris, which we did." He claims that they surrendered to an officer in Pine Bluff and told him that they had broken out of jail in Paris and wished to return; that the officer locked them up, tried them for vagrancy, and kept them in jail until the tenth day after they had left Paris, when the sheriff of Lamar County arrived and took charge of them. Appellant claims that his reason for not returning without surrendering to the officers at Pine Bluff was that he feared he might be discovered in Paris and be killed by a mob. According to the affidavit, Saylors and Smith were recaptured but again escaped, appellant declining to accompany them.

Attached to the motion for rehearing is the affidavit of Jack Childs which states alleged facts in harmony with and in substance like those embraced in the appellant's affidavit. The affidavit of F. D. Ramsey, M. D., is also attached in which he declares that he had on various occasions seen Tom Saylors raise his hand and say to the colored inmates of the jail that he had an explosive in his hand with which

he could blow up the jail "and that some time he was going to get mad and do it. We were all afraid of him."

Controverting affidavits have also been filed. One of them was made by Odell Childs in which he says that he was among those who escaped from the Lamar County jail in company with the appellant; that the appellant broke jail with the rest of them; that they were confined on the fourth floor and made their escape with a rope made of blankets, stole an automobile and went to Arkansas, where they were arrested at Lake Village in that state and held until the Lamar County officers arrived. He declares that Mitchell's escape was voluntary and that he did not return of his own volition but was captured in Arkansas with the witness; that no force or coercion was used upon him; that they all left and had no intention of returning. The witness said that he had made another affidavit concerning the escape in which he had not spoken the truth; that the present affidavit was true and that he was a prisoner in jail at the time of making it.

The jailer of Lamar County made affidavit to the effect that the appellant escaped in company with the other prisoners by means of blankets tied together and tied to a window; that by that means they let themselves down from the fourth floor of the jail to the ground.

It is declared by statute that where the appellant in a felony case makes his escape from custody, "the jurisdiction of the Court of Criminal Appeals shall no longer attach in the case." Upon the fact of such escape being made to appear, the court shall, on motion, dismiss the appeal; but the dismissal may be set aside "if it shall be made to appear that the accused had voluntarily returned to the custody of the officer from whom he escaped, within ten days." (Art. 912, C. C. P.) It is also made the duty of the sheriff to immediately report the escape under oath, to the county attorney, which, when forwarded to this court, "shall be sufficient evidence of the fact of such escape to authorize the dismissal of the appeal."

Upon the original hearing, this court had before it the affidavit of the sheriff made and presented here together with the motion of the State to dismiss the appeal, which affidavit and motion were in full compliance with the statutory provisions and were sufficient to oust this court of the jurisdiction of the appeal. The procedure pointed out by statute as sufficient to establish the fact of escape and to authorize the dismissal of the appeal having been complied with, the burden would manifestly be upon the accused to show conditions which would authorize the reinstatement of the appeal. These conditions are set out in the statute, namely, the voluntary return within ten days. The mandatory effect of these statutes in ousting the jurisdiction of this court where the requisite facts are shown, has uniformly and often been declared by this court. See numerous citations of authority under Art. 912, C. C. P.: Vernon's Tex. Crim. Stat., Vol.

2, page 875, and the 1922 Supplement thereof; also Ross v. State, 229 S. W. Rep., 325; Campbell v. State, 231 S. W. Rep., 105; Pendergrass v. State, 92 Texas Crim. Rep., 467. For earlier cases, see Hammons v. State, 35 Texas Crim. Rep., 17; Ex parte Wood, 19 Texas Crim. Rep., 46; Lunsford v. State, 10 Texas Crim. App., 118.

The only proof that the escape was involuntary were the affidavits of the appellant and Childs. Childs afterwards retracted his statement. The circumstances of the escape shown by the uncontroverted affidavits of the sheriff and the jailer seem incompatible with its involuntary nature. According to the appellant's affidavit, if we comprehend it, he became free of the alleged restraint in time to have made a voluntary return but failed to do so. This he attempts to explain by his unsupported affidavit.

We are not insensible of the dire consequences to appellant which may follow the refusal to grant the motion, but under the evidence before us, we are unable to bring our conscience to sanction the claim of the appellant that his departure was coerced or that he made a voluntary effort to return to custody.

We are not to be understood as affirming that a voluntary effort or intention to return would suffice to restore the jurisdiction of this court, but in the present case no such effort was made. Lunsford v. State, 10 Texas Crim. App., 118; Pendergrass v. State, 92 Texas Crim. Rep., 467.

In view of the extreme penalty assessed, we have examined the statement of facts and the record. The facts show a most revolting and cruel murder of a two-year-old child by beating him to death.

There is an averment in the motion for new trial complaining of misconduct of the jury which is supported by testimony which, if it could be considered, might present a serious question. However, we are without jurisdiction and power to pass upon the merits of the appeal.

The order of dismissal was made on the 29th day of October, 1924, and the motion for rehearing was filed on the 15th day thereafter. Under the practice of the court, the issuance of the mandate, in the absence of an order to the contrary, should have been deferred until fifteen days after the order of dismissal was entered. The mandate, however, showing that the case was dismissed was issued by the clerk before the end of the fifteen days and antecedent to the time the motion for rehearing reached this court.

At the time the motion for rehearing was filed, the judges of this court became aware of it, and being informed that the mandate had been issued, directed its recall. This the court had authority to do by reason of the statute (Art. 940, C. C. P.), which gives express authority to withhold the mandate, and for the additional reason that the mandate had been prematurely issued. Presumably, without knowledge that the mandate had been recalled, the trial court entered

the sentence against the appellant on the 20th day of November, 1924, fixing the date of his execution on the 13th day of February, 1925.

Appellant through his counsel filed a motion to set aside the sentence, which motion was denied and notice of appeal was given. The record in that matter was brought before this court and is now considered in connection with the motion for rehearing.

In obedience to the sentence, the appellant was taken to Huntsville and put in charge of the Warden of the Penitentiary to await the date of his execution. His counsel have presented here an application for writ of habeas corpus reciting the facts to which we have adverted and making the following prayer:

"Wherefore, your petitioners respectfully pray Your Honor to issue the writ of habeas corpus in behalf of the said Roy Mitchell, and that the said N. L. Speer, Warden of the State Penitentiary at Huntsville, Walker County, Texas, be directed to produce the said Roy Mitchell before Your Honor forthwith to the end that his said restraint, imprisonment and detention by the said N. L. Speer, Warden of the State Penitentiary of Texas, may be inquired into, and that the said Roy Mitchell be recommitted to the custody of the Sheriff of Lamar County, Texas, to be held in the jail at Paris, Lamar County, Texas, until the final disposition of said cause now pending against him in this Honorable Court of Criminal Appeals of Texas, at Austin, Texas."

At the time the sentence upon the appellant was pronounced, this court, under the authority of the statute, had, during the term at which the dismissal was issued, ordered the mandate withheld. Therefore the jurisdiction to pronounce sentence upon the appellant was not in the court below. See Art. 856, C. C. P.

It is further considered by this court that the relator should not be executed under the sentence heretofore pronounced, but that the application for writ of habeas corpus should issue and that the relator's prayer should be granted in so far as it directs that N. L. Speer, Warden of the State Penitentiary at Huntsville, Texas, be directed to deliver the person of the relator, Roy Mitchell, upon demand made at Huntsville, Texas, to the Sheriff of Lamar County and that the relator, Roy Mitchell, be held in custody by the said sheriff subject to the order of the district court in which he was tried to the end that he may be legally sentenced to suffer death in accord with the judgment of conviction.

It is further ordered that the Clerk of this Court forward by registered mail certified copies of this judgment to N. L. Speer, Warden of the State Penitentiary at Huntsville, Texas, and to the Sheriff of Lamar County, at Paris, Texas, and that a certified copy be attached to the mandate of this court, the issuance of which is now ordered.

*Motion granted.*