### GRATTON DAVENPORT V. THE STATE.

No. 10346. Delivered December 8, 1926.

**Murder—Escape of Appellant—Appeal Dismissed.**

Art. 824 of our C. C. P. 1925 provides that if the defendant, pending his appeal in the Court of Criminal Appeals, escapes from the custody of the officers and does not voluntarily return and surrender himself to the custody of the officers within ten days his appeal shall be dismissed, and on motion of the state, on this showing made, this cause is dismissed. See Gilbert v. State, 83 Tex. Crim. Rep. 348, and other cases cited.

Appeal from the District Court of Tom Green County. Tried below before the Hon. J. F. Sutton, Judge.

Appeal from a conviction of murder, penalty ninety-nine years in the penitentiary.

The opinion states the case.

*Wright & Gibbs* of San Angelo, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Appellant is under conviction for murder of Sam Rodgers, the punishment being confinement in the penitentiary for ninety-nine years.

The conviction was had in March, 1926. Pending appeal to this court appellant was confined in the jail of Tom Green County in custody of J. R. Hewitt, the sheriff. This officer makes affidavit that appellant and five other prisoners escaped on the night of August 13, 1926, by sawing out of the jail; that appellant was recaptured some two hours later. The affidavit negatives any voluntary surrender to the officer. Article 824 C. C. P. (1925) reads:

"If the defendant, pending an appeal in a felony case, makes his escape from custody, the jurisdiction of the Court of Criminal Appeals shall no longer attach in the case. Upon the fact of such escape being made to appear, the court shall, on motion of the state's attorney, dismiss the appeal; but the order dismissing the appeal shall be set aside if it is made to appear that the defendant has voluntarily returned within ten days to the custody of the officer from whom he escaped."

Article 825 provides for affidavit conveying to this court information of escape.

Our state's attorney has filed a motion to dismiss the appeal based upon the statutes referred to and the affidavit now on file showing the escape. See also Gilbert v. State, 83 Tex. Crim. Rep. 348, 203 S. W. 892; Gibson v. State, 83 Tex. Crim. Rep. 435, 203 S. W. 893; Clay v. State, 81 Tex. Crim. Rep. 637, 197 S. W. 1106; Harris v. State, Tex. Crim. Rep. 249, S. W. 1053; Mitchell v. State, 99 Tex. Crim. Rep. 32, 265 S. W. 700.

This court having lost jurisdiction by the express terms of Article 824 (supra) the state's motion must be sustained, and the appeal is dismissed.

*Dismissed.*