## WOODSON v. STATE. (No. 11669.)

Court of Criminal Appeals of Texas. June 20, 1928.

Criminal law ⚖=1131(5), 1133, 1182—After defendant's escape and recapture, affirmance will be set aside, and appeal and motion for rehearing dismissed (Code Cr. Proc. 1925, art. 824).

Where, pending motion for rehearing, it appeared from uncontroverted affidavits of sheriff that defendant had escaped from county jail, and was subsequently recaptured and returned to custody without voluntary action on his part, judgment of affirmance was required to be set aside, and appeal and motion for rehearing were dismissed under Code Cr. Proc. 1925, art. 824.

Appeal from District Court, McLennan County; Richard I. Munroe, Judge.

M. C. Woodson was convicted of an offense, and he appeals. Judgment was affirmed, and a motion for rehearing granted. Judgment of affirmance set aside, and appeal and motion for rehearing dismissed.

Miller, Price & Beard, of Waco, and John L. Ward, of Tulsa, Okl., for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. On the 28th day of March, 1928, the judgment of the trial court was affirmed. Thereafter, on the 3d day of April, a motion for rehearing was filed, and on the 14th day of that month there was filed here the affidavit of the sheriff of McLennan county to the effect that on the 13th day of April the appellant made his escape from the county jail of McLennan county, together with other persons, by the use of saws severing the bars, and that, at the time of the making of the affidavit, the appellant had not been recaptured or voluntarily returned. Subsequently, upon the 8th day of May, 1928, the motion of the state was supplemented by the affidavit of the sheriff of McLennan county stating that, on the same day of his escape, and some hours later, the appellant was re-

captured by officers in McLennan county and returned to custody; that he did not voluntarily return, but was held in custody by virtue of the judgment of conviction in this case, and the recapture after the escape. No controverting affidavit has been filed in this court. In obedience to the statute (article 824, C. C. P. 1925), this court is constrained to set aside the judgment of affirmance and dismiss the appeal and motion for rehearing, which is accordingly done.