J. U. HOLLIDAY, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Dyer PARKER, Jr., Appellant,

v.

The STATE of Texas, Appellee.

Nos. 45240, 45556.

Court of Criminal Appeals of Texas.

July 12, 1972.

John Eaton, San Angelo (Court Appointed on Appeal), for appellant.

Royal Hart, Dist. Atty., San Angelo, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction of J. U. Holliday, Jr., is for the sale of marihuana; the punishment, fifteen years imprisonment. The conviction of Dyer Parker, Jr., is for the sale of marihuana; the punishment, twenty-seven years imprisonment.

The State has filed a motion to dismiss the appeal in each of these cases and the motions are supported by the affidavits of Odell Wagoner, the Sheriff of Tom Green County. The uncontroverted affidavits show that after the records on appeal were filed in this court each of the appellants escaped from custody on April 22, 1972, and were at large until April 24, 1972, when they were captured and returned to the custody of Sheriff Wagoner. This court is without jurisdiction except to dismiss the appeals. Articles 44.09 [1] and 44.10,[2] Vernon's Ann.C.C.P.; Hearn v. State, 478 S.W.2d 467 (Tex.Cr.App.1972); Cuevas v. State, 467 S.W.2d 421 (Tex.Cr.App.1971); Rinehart v. State, 456 S.W.2d 396 (Tex.Cr.App.1970); Vaughn v. State, 456 S.W.2d 141 (Tex.Cr.App.1970); Forder v. State, 456 S.W.2d 378 (Tex.Cr.App. 1970) and Fonseca v. State, 455 S.W.2d 244 (Tex.Cr.App.1970).

When an appellant escapes after he has been sentenced and pending his appeal, this court's jurisdiction of such appeal is terminated. Jurisdiction can be reinvested only by the *voluntary* return of the appellant into the custody of the officer from whom he escaped within ten days. If the appellant is recaptured before the lapse of ten days, his escape nevertheless divests this court of jurisdiction of the appeal. A recapture of an appellant within ten days, even though it prevents his voluntary return into custody will not restore jurisdiction of the appeal. Gilbert v. State, 83

---

1. Article 44.09, V.A.C.C.P., provides:
    "If the defendant, pending an appeal in the felony case, makes his escape from custody, the jurisdiction of the Court of Criminal Appeals shall no longer attach in the case. Upon the fact of such escape being made to appear, the court shall, on motion of the State's attorney, dismiss the appeal; but the order dismissing the appeal shall be set aside if it is made to appear that the defendant has voluntarily returned within ten days to the custody of the officer from whom he escaped; and in cases where the punishment inflicted by the jury is death or confinement in an institution operated by the Department of Corrections for life, the court may in its discretion reinstate the appeal if the defendant is recaptured or voluntarily surrenders within thirty days after such escape."

2. Article 44.10, V.A.C.C.P., provides:
    "When any such escape occurs, the sheriff who had the prisoner in custody shall immediately report the fact under oath to the district or county attorney of the county in which the conviction was had, who shall forthwith forward such report to the State prosecuting attorney. Such report shall be sufficient evidence of the fact of such escape to authorize the dismissal of the appeal."

Tex.Cr.R. 348, 203 S.W. 892 (Tex.Cr.App. 1918); Lunsford v. State, 10 Tex.App. 118 (1881); Ex Parte Wood, 19 Tex.App. 46 (1885); Loyd v. State, 19 Tex.App. 137 (1885); Maugia v. State, 90 Tex.Cr.R. 539, 236 S.W. 740 (Tex.Cr.App. 1922); Pendergrass v. State, 92 Tex.Cr.R. 467, 244 S.W. 513 (Tex.Cr.App.1922); Reeves v. State, 109 Tex.Cr.R. 649, 7 S.W.2d 87 (Tex.Cr.App.1928); Woodson v. State, 8 S.W.2d 121 (Tex.Cr.App.1928); Gribble v. State, 115 Tex.Cr.R. 90, 29 S.W.2d 391 (Tex.Cr.App.1930); Forsom v. State, 118 Tex.Cr.R. 66, 38 S.W.2d 804 (Tex.Cr.App. 1931); Clark v. State, 396 S.W.2d 886 (Tex.Cr.App.1965); and Vaughn v. State, *supra.*

The State's motion to dismiss the appeal in each case is granted and the appeals are dismissed.

Opinion approved by the court.