Julius **DREW**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 3–88–042–CR.

Court of Appeals of Texas,
Austin.

Feb. 1, 1989.

Rehearing Denied March 1, 1989.

Gerald M. Brown, Carroll, Brown & Hibbs, Temple, for appellant.

Arthur C. Eads, Dist. Atty., James T. Russell, Administrative Asst., Belton, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

ABOUSSIE, Justice.

A jury found appellant guilty of the offense of attempted capital murder, Tex. Pen.Code Ann. § 19.03 (1974 & Supp.1989) and § 15.01 (Supp.1989), and the trial court assessed punishment at fifty years confinement in the Texas Department of Corrections. Finding that the trial court had no jurisdiction, we must set aside the conviction and dismiss the appeal.

■ The procedural facts controlling this appeal are undisputed. Appellant was indicted for attempted capital murder in cause number 33,591, filed in the 27th District Court of Bell County, Texas. Appellant was found guilty of the offense after a jury trial and appealed his conviction to this Court. In our opinion of August 12, 1987, this Court reversed the judgment and remanded the cause for a new trial. *Drew v. State*, 735 S.W.2d 655 (Tex.App.1987, pet. ref'd). The State's motion for rehearing was denied September 16, 1987. The State then filed a petition for discretionary review which was refused by the Court of Criminal Appeals on December 9, 1987. On February 4, 1988, this Court issued its mandate in cause number 33,591, which was filed in the Bell County District Clerk's office on February 9, 1988. Upon receipt of the mandate, the State was free to proceed with trial. Our record does not reflect disposition of this matter after remand.

Before the mandate had been received, however, appellant was re-indicted for the same attempted capital murder charge in cause number 36,190, filed December 16, 1987, in the 264th District Court of Bell County, Texas. Presumably without the trial court's knowledge of the procedural status of the first cause, appellant again

was tried beginning February 1, 1988, and again the jury returned a guilty verdict on the second indictment on February 3, 1988. The trial court assessed appellant's punishment on February 16, 1988, whereupon he promptly challenged the trial court's jurisdiction in the matter, and this appeal ensued.

Without question, the mandate in the first cause, number 33,591, was not received by the Bell County District Clerk's office until February 9, 1988, several days after the jury's February 3rd verdict of guilt at appellant's trial under the second indictment.

Appellant contends on appeal, as he did in his motion for new trial, that the trial court did not have jurisdiction to put him to trial while an appeal for the same offense was still pending. He relies upon Tex.R. App.P.Ann. 40(b)(2) (Supp.1988) and *Ex parte Johnson*, 652 S.W.2d 401 (Tex.Cr. App.1983).

Rule 40(b)(2) sets forth the effect of an appeal in a criminal case. It provides that once the record has been filed in the appellate court, except for certain statutory exceptions, *all further proceedings in the trial court shall be suspended and arrested until the mandate of the appellate court is received by the trial court.* This appeal does not involve trial court action under any exception to the rule.

In *Ex parte Johnson*, the defendant had been re-indicted, tried, and sentenced for an offense while his first conviction for that same offense was pending in the Court of Criminal Appeals. Upon reversal of his first conviction, he challenged the validity of his later conviction. The Court of Criminal Appeals held that the trial court did not have jurisdiction when it tried the defendant the second time, because he had been previously convicted of the same offense and that conviction was still pending. Until the trial court received the appellate court's judgment, the Court of Criminal

Appeals held that the district court had no jurisdiction to grant him another trial.[1]

The Court stated:

The [trial] court was simply without jurisdiction. The attempt to re-try the appellant upon a new indictment, while there was an outstanding conviction for the same offense on appeal, was a nullity. Once this court has acquired jurisdiction, it is only by judgment of this court that jurisdiction is restored to the district court. *State ex rel. Vance v. Hatten*, 508 S.W.2d 625 (Tex.Cr.App.1974). It of necessity follows that the second conviction of the applicant ... must be set aside. [citing *Ex parte Ybarra v. State*, 629 S.W.2d 943 (Tex.Cr.App.1982)].

The State attempts to distinguish the facts of appellant's case from those in *Ex parte Johnson*, but we are not persuaded. In order for a court to act, it is a fundamental principle that it must first have jurisdiction to do so. *State v. Klein*, 154 Tex.Cr.R. 31, 224 S.W.2d 250 (1949), *cited with approval in Yarbrough v. State*, 703 S.W.2d 645, 648 (Tex.Cr.App. 1985). Once the appeal is perfected, the trial court loses jurisdiction to grant appellant a new trial. *Ex parte Drewery*, 677 S.W.2d 533, 536 (Tex.Cr.App.1984). The district court's authority to take any action in the case (not expressly permitted) remains suspended until it *receives* the mandate from the appellate court. *Yarbrough v. State*, 677 S.W.2d 588, 591 (Tex.App. 1984), *aff'd*, 703 S.W.2d 645 (Tex.Cr.App. 1985); *Mitchell v. State*, 99 Tex.Cr.R. 117, 268 S.W. 470 (1925); Tex.R.App.P.Ann. 40(b)(2) (Supp.1988). When a conviction is reversed on appeal, only the receipt of the mandate restores general jurisdiction of the matter to the trial court. *Ex parte Johnson*, 652 S.W.2d at 402; *Klein*, 224 S.W.2d at 252–253. It does not obtain before that time. Until this Court returned the mandate, the district court of Bell County did not have jurisdiction to provide

---

1. The Court of Criminal Appeals relied on Tex. Code Cr.P.Ann. art. 44.11 (1965) (repealed 1986), the predecessor to Tex.R.App.P.Ann. 40(b)(2). Article 44.11 provided before its amendment in 1981 that jurisdiction did not

obtain until the trial court received the appellate court's judgment. Rule 40(b)(2) states that the trial court must await receipt of the appellate court's mandate. The controlling principle remains the same.

appellant a second trial for the offense charged.

■ Where a court lacks jurisdiction, it should proceed no further than to dismiss the cause for want of power to hear and determine the controversy. *See Ex parte Cannon,* 546 S.W.2d 266, 269 (Tex.Cr.App. 1977) (Odom, J., concurring). Any order or decree entered, other than one of dismissal, is void. *Id.*

We have no alternative but to set aside the conviction and dismiss the appeal.

Dismissed.