Johnny Ray ABBOTT, Appellant

v.

The STATE of Texas, Appellee.

No. 10–07–00295–CR.

Court of Appeals of Texas, Waco.

Dec. 12, 2007.

Discretionary Review Granted March 12, 2008.

Gary A. Udashen, Sorrels Udashen & Anton, Dallas, TX, Appellant/Relator.

Joe F. Grubbs, Ellis County District Atty., Waxahachie, TX, for Appellee/Respondent.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Johnny Abbott was convicted of indecency with a child and sentenced to twenty years' imprisonment. Upon imposition of sentence on May 25, 2005, Abbott was taken into custody and imprisoned during the pendency of his appeal. On June 7, 2006, we affirmed his conviction but reversed the punishment and remanded the case for a new punishment hearing, holding that the trial court abused its discretion in refusing to grant a mistrial because the State had improperly suggested an extraneous offense during the punishment phase. *Abbott v. State*, 196 S.W.3d 334, 346–49 (Tex.App.-Waco 2006, pet. ref'd). Upon this reversal, Abbott was returned to Ellis County for a new punishment hearing, and on June 4, 2007, he was released on bond pending the hearing. As of that date, Abbott had been in prison for 740 days.

The trial court held a new punishment hearing before a jury on August 16, 2007. The jury assessed a sentence of ten years, suspended with ten years of community supervision (probation). As a condition of community supervision, the trial court imposed confinement in the county jail for 180 days (with no good-time credit permitted). Also, the trial court's judgment stated, as to time credited, "None." *See* Tex. Code Crim. Proc. Ann. art. 42.01, § 1(18) (Vernon 2006). Abbott has been incarcerated this time since August 16.

Abbott then filed a "motion for time credit" in which he requested the trial court to credit the 180–day confinement with time (740 days) that he served while his appeal was pending. The trial court denied Abbott's motion in a written order that Abbott appeals, asserting in his sole issue that the trial court erred in refusing to give Abbott time credit.

### Jurisdiction

The State, without citing authority directly on point, initially contends that we lack jurisdiction, asserting that Abbott cannot appeal the trial court's order denying his motion for time credit without also appealing the judgment and sentence. We are unaware of any statute or rule precluding Abbott's appeal, and Abbott points us to authority indicating that the trial court's order is appealable and disputing that only a judgment and sentence may be appealed. *See* Tex.Code Crim. Proc. Ann. art. 44.02 (Vernon 2006); Tex.R.App. P. 25.2(a)(2) ("The trial court shall enter a certification of the defendant's right of appeal each time it enters a judgment of guilt *or other appealable order*.") (emphasis added); *id.* 26.2(a)(1) (providing that notice of appeal must be filed "within 30 days after the day sentence is imposed or suspended in open court, *or after the day the trial court enters an appealable order* ") (emphasis added); *see, e.g., Watson v. State*, 942 S.W.2d 723 (Tex.App.-Houston [14th Dist.] 1997, no pet.) (appeal of trial court's failure to grant credit toward period assessed as condition of probation where judgment reflected no credit for jail time served pending appeal); *Brown v. State*, 1997 WL 427050 (Tex.App.-Dallas July 31, 1997, no pet.) (deciding appeal on appellant's contentions that trial court erred in imposing conditions of probation) (not designated for publication); *see also* 4–90 John M.

Schmolesky, Tex.Crim. Prac. Guide § 90.02(2)(b) (2007) ("Although a defendant's appeal usually follows on the entry of the judgment, it may also accrue at a later time if the defendant is subject to an adverse order by the court."); *cf. Jackson v. State*, 990 S.W.2d 879, 882 (Tex.App.-Beaumont 1999, no pet.) ("Error in calculation of jail time credit ordinarily may be reformed on appeal.") (citing *Watson*, 942 S.W.2d at 727).

The State argues that Abbott should have filed an ancillary application for habeas corpus (pursuant to Article 11.072 of the Code of Criminal Procedure).[1] Article 11.072 establishes the procedures for an application for writ of habeas corpus when an applicant seeks relief from a judgment ordering community supervision. *See* Tex. Code Crim. Proc. Ann. art. 11.072 (Vernon 2005). But that article provides in section 3:

> (a) An application may not be filed under this article if the applicant could obtain the requested relief by means of an appeal under Article 44.02 and Rule 25.2, Texas Rules of Appellate Procedure.

> (b) An applicant seeking to challenge a particular condition of community supervision but not the legality of the conviction for which or the order in which community supervision was imposed must first attempt to gain relief by filing a motion to amend the conditions of community supervision.

> (c) An applicant may challenge a condition of community supervision under

this article only on constitutional grounds.

*Id.* art. 11.072, § 3.

We agree with Abbott's contention that because he can obtain relief by appeal, section 3(a) precludes his filing of an Article 11.072 application. Also, although Abbott's motion for time credit was essentially a motion to amend the conditions of community supervision, because that motion sought relief on both statutory (article 42.03, § 3) and constitutional grounds, we agree with Abbott that section 3(c) precludes his seeking habeas corpus relief under Article 11.072.

We have jurisdiction over this appeal.

## Credit for Time Served

On the merits of his motion for time credit, Abbott asserts that the trial court erred in denying his motion and relies on *Watson v. State*, 942 S.W.2d 723 (Tex. App.-Houston [14th Dist.] 1997, no pet.), and section 3 of Article 42.03, which provides:

> If a defendant appeals his conviction, is not released on bail, and is retained in a jail as provided in Section 7, Article 42.09, pending his appeal, *the judge of the court in which the defendant was convicted shall give the defendant credit on his sentence for the time that the defendant has spent in jail pending disposition of his appeal.* The court shall endorse on both the commitment and the mandate from the appellate court all credit given the defendant under this section, and the institutional division of

---

1. The State alternatively contends that Abbott should have filed a motion for *nunc pro tunc* (followed by a petition for writ of mandamus if the trial court denies the motion). We agree with Abbott that there is no substantive difference between his motion for time credit and a motion for *nunc pro tunc* because both request the trial court to alter its order on community supervision conditions. However, for mandamus to lie, there must be no other adequate remedy, such as by appeal. *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 197-99 (Tex.Crim.App.2003) (orig.proceeding). And as we hold herein, the order is appealable, so a mandamus writ would not be available.

the Texas Department of Criminal Justice shall grant the credit in computing the defendant's eligibility for parole and discharge.

TEX.CODE CRIM. PROC. ANN. art. 42.03, § 3 (Vernon Supp.2007) (emphasis added).

*Watson* involved a similar situation. After Watson pled guilty to delivery of less than one gram of cocaine and pled true to two enhancement paragraphs, the trial court assessed punishment under the habitual offender statute at twenty-five years' imprisonment. That erroneous sentence was reversed and remanded for re-sentencing as a state jail felony, and the trial court re-sentenced Watson to two years' confinement in state jail, probated for five years, conditioned upon Watson serving one year in a state jail facility. The judgment reflected no credit for time served pending the appeal. On appeal, Watson claimed that the trial court erred in failing to grant him credit toward the period assessed as a condition of probation for jail time served pending appeal. *Watson*, 942 S.W.2d at 724.

Watson contended that section 3 of Article 42.03 required the trial court to give him credit toward his condition of probation for the prison time served while his appeal was pending. The court began its analysis by noting:

> Under this section [section 3 of article 42.03], an appellant is entitled to credit for time spent in a jail "on said cause." *See Nixon v. State*, 572 S.W.2d 699, 701 (Tex.Crim.App.1978). This is a constitutional requirement that leaves no discretion in the trial court. *Ex Parte Griffith*, 457 S.W.2d 60, 64–65 (Tex.Crim. App.1970) (citing *Robinson v. Beto*, 426 F.2d 797 (5th Cir.1970)). Because appellant served time "in this cause" while his case was on appeal, the statute

would appear to mandate a credit. But the State claims, without citing authority, that appellant is not entitled to a credit on his state jail sentence because (1) jail time cannot be credited against a condition of probation, . . . . We disagree. *Id.* at 725.[2]

The court then thoroughly addressed the State's contention that, because an order of confinement as a condition of probation is not a "sentence," credit for time served pending appeal cannot be given under section 3 of Article 42.03. *See id.* at 725–26. The court distinguished a case where the Court of Criminal Appeals held that a defendant is not entitled to credit against confinement imposed as a condition of probation for time spent in jail *awaiting trial* because such confinement is not a "sentence" under the statute. *See Ex parte Eden*, 583 S.W.2d 632, 634 (Tex. Crim.App.1979). The court held that because Watson served time in his cause pending his appeal, he was entitled to credit for such time on his state jail condition of probation. *Watson*, 942 S.W.2d at 724, 726. Its rationale was twofold: denial of time credit would have the effect of penalizing a defendant from prosecuting his appeal, and a defendant should not have to "start over" because he is no longer serving what turned out to be an erroneous "sentence" (through no fault of the defendant) that should have originally been a condition of probation. *Id.* at 725–26.

We agree with Abbott that the analysis in *Watson* applies. We held that Abbott's original twenty-year sentence was erroneous because of the prosecutor's improper question in the punishment phase and the trial court's erroneous denial of Abbott's mistrial motion. *See Abbott*, 196 S.W.3d at 346–49. Abbott served 740 days of that

---

**2.** The State posits the same argument in response to Abbott.

twenty-year sentence, and he has now served almost two-thirds of the 180–day confinement as a condition of community supervision. Under *Watson,* Abbott is entitled to credit on the 180–day confinement for his time in prison pending the appeal of his erroneous sentence.[3]

## Conclusion

We sustain Abbott's sole issue and reverse the trial court's order denying Abbott's motion for time credit. We remand this cause to the trial court with the instructions to apply Abbott's prison time served as a credit toward the 180–day confinement as a condition of community supervision and, because that credit greatly exceeds 180 days, to immediately release Abbott from jail.

Chief Justice GRAY dissenting with a note.*

\* (We have said frequently and recently that absent a specific authorization by law, we have no appellate jurisdiction in criminal matters. *Crawford v. State,* 226 S.W.3d 688, 691 (Tex.App.-Waco 2007, no pet.) (Gray, C.J., dissenting) ("This Court has appellate jurisdiction in a criminal case only when expressly provided by law." Appendix A: withdrawn majority opinion)); *Kelly v. State,* 151 S.W.3d 683, 685 (Tex.App.-Waco 2004, no pet.); *Everett v. State,* 82 S.W.3d 735, 735 (Tex.App.-Waco 2002, pet. dism'd); *see also Rushing v. State,* 85 S.W.3d 283, 285 (Tex.Crim.App. 2002) (right to appeal "is derived entirely from statute"). Though the majority cites to a lot of laudatory language on unrelated matters, they do not cite to any specific authority that gives us jurisdiction to re-

view the issue in this appeal. I would dismiss the appeal for want of jurisdiction.

On the merits, I dissent, too. But because the majority has given me only one week to review their draft and respond, I'll just stay with the lack-of-jurisdiction argument since we should not get to the merits anyway.)

---

**3.** The State correctly notes that the time credit that we hold Abbott is entitled to at this time (from the date of his release pursuant to this opinion to 180 days after August 16, 2007) cannot also be used as a credit toward any prison sentence Abbott serves if his community supervision is revoked.