

IN THE
TENTH COURT OF APPEALS

————————

No. 10-08-00424-CR

IN RE JOHNNY RAY ABBOTT

————————

Original Proceeding

---

## MEMORANDUM OPINION

Johnny Ray Abbott seeks a writ of mandamus compelling Respondent, the Honorable Gene Knize, Judge of the 40th District Court of Ellis County, to grant his motion for a nunc pro tunc order. However, because Respondent's court does not presently have jurisdiction in the underlying proceeding, Abbott's request is premature and will be denied.

Abbott was convicted of indecency of a child and sentenced to twenty years' imprisonment. This Court affirmed the judgment of conviction but reversed that portion of the judgment assessing punishment, and remanded the case to the trial court for a new punishment hearing. *See Abbott v. State*, 196 S.W.3d 334, 349 (Tex. App.—Waco 2006, pet. ref'd). On remand, a new jury assessed Abbott's punishment at ten

years' imprisonment and recommended that Respondent suspend imposition of sentence and place Abbott on community supervision. Respondent ordered Abbott to serve 180 days in jail as a condition of community supervision. Respondent later denied Abbott's post-judgment motion to receive credit for the time he had served during the pendency of his appeal, which was 740 days. *See Abbott v. State*, 245 S.W.3d 19, 20 (Tex. App.—Waco 2007), *rev'd*, No. PD-1816-07, 2008 Tex. Crim. App. LEXIS 856 (Tex. Crim. App. Sept. 10, 2008). This Court reversed Respondent's order denying Abbott's motion for time credit and remanded the cause with instructions to give him credit for the time he had served during the pendency of the appeal and "immediately release" him. *Id.* at 23. The Court of Criminal Appeals reversed and remanded, holding that this Court did not have appellate jurisdiction to address this sentencing issue because there is not "any rule or any statutory or constitutional provision that would authorize" such an appeal. *Abbott*, 2008 Tex. Crim. App. LEXIS 856, at *8.

Abbott filed a motion for rehearing in the Court of Criminal Appeals on September 25. That motion was denied on November 7. The Court of Criminal Appeals issued its mandate on November 21, returning Abbott's appeal to this Court where it remains pending. Abbott filed a motion for entry of a nunc pro tunc order in the underlying proceeding on December 8. Respondent has not ruled on this motion.

Rule of Appellate Procedure 25.2(g) provides, "Once the record has been filed in the appellate court, all further proceedings in the trial court—except as provided otherwise by law or by these rules—will be suspended until the trial court receives the appellate-court mandate." TEX. R. APP. P. 25.2(g).

Here, Respondent has not yet received the mandate of this Court in Abbott's appeal. Therefore, Respondent does not have jurisdiction to act on Abbott's motion for entry of a nunc pro tunc order. *See id.*; *State ex rel. Holmes v. Shaver*, 824 S.W.2d 285, 289 (Tex. App.—Texarkana 1992, orig. proceeding); *Drew v. State*, 765 S.W.2d 533, 535-36 (Tex. App.—Austin 1989), *pet. dism'd, improvidently granted*, 805 S.W.2d 451 (Tex. Crim. App. 1991) (per curiam); *see also* TEX. R. APP. P. 23.1 ("unless the defendant has appealed," a trial court may enter a judgment nunc pro tunc); *cf. Ware v. State*, 62 S.W.3d 344, 353-54 (Tex. App.—Fort Worth 2001, pet. ref'd) (trial court retains jurisdiction to enter judgment nunc pro tunc after notice of appeal is filed until appellate record is filed). Because Respondent does not have jurisdiction, he cannot have abused his discretion by refusing to rule on the motion.

Accordingly, we deny Abbott's mandamus petition.

FELIPE REYNA
Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Petition denied
Opinion delivered and filed January 28, 2009
Do not publish
[OT06]