IN THE

TENTH COURT OF APPEALS

 




 
 
 
 
 
 
 


 

 



No. 10-08-00424-CR

 

In
re Johnny Ray Abbott

 

 



Original Proceeding

 

 



MEMORANDUM  Opinion



 

            Johnny Ray Abbott seeks a
writ of mandamus compelling Respondent, the Honorable Gene Knize, Judge of the
40th District Court of Ellis County, to grant his motion for a nunc pro tunc
order.  However, because Respondent’s court does not presently have
jurisdiction in the underlying proceeding, Abbott’s request is premature and
will be denied.

            Abbott was convicted of
indecency of a child and sentenced to twenty years’ imprisonment.  This Court
affirmed the judgment of conviction but reversed that portion of the judgment
assessing punishment, and remanded the case to the trial court for a new
punishment hearing.  See Abbott v. State, 196 S.W.3d 334, 349 (Tex. App.—Waco 2006, pet. ref’d).  On remand, a new jury assessed Abbott’s punishment at
ten years’ imprisonment and recommended that Respondent suspend imposition of
sentence and place Abbott on community supervision.  Respondent ordered Abbott
to serve 180 days in jail as a condition of community supervision.  Respondent
later denied Abbott’s post-judgment motion to receive credit for the time he
had served during the pendency of his appeal, which was 740 days.  See
Abbott v. State, 245 S.W.3d 19, 20 (Tex. App.—Waco 2007), rev’d, No.
PD-1816-07, 2008 Tex. Crim. App. LEXIS 856 (Tex. Crim. App. Sept. 10, 2008). 
This Court reversed Respondent’s order denying Abbott’s motion for time credit
and remanded the cause with instructions to give him credit for the time he had
served during the pendency of the appeal and “immediately release” him.  Id. at 23.  The Court of Criminal Appeals reversed and remanded, holding that this
Court did not have appellate jurisdiction to address this sentencing issue
because there is not “any rule or any statutory or constitutional provision
that would authorize” such an appeal.  Abbott, 2008 Tex. Crim. App.
LEXIS 856, at *8.

            Abbott filed a motion for
rehearing in the Court of Criminal Appeals on September 25.  That motion was
denied on November 7.  The Court of Criminal Appeals issued its mandate on
November 21, returning Abbott’s appeal to this Court where it remains pending. 
Abbott filed a motion for entry of a nunc pro tunc order in the underlying
proceeding on December 8.  Respondent has not ruled on this motion.

            Rule of Appellate Procedure
25.2(g) provides, “           Once the record has been filed in the appellate
court, all further proceedings in the trial court—except as provided otherwise
by law or by these rules—will be suspended until the trial court receives the
appellate-court mandate.”  Tex. R. App.
P. 25.2(g).

            Here, Respondent has not yet
received the mandate of this Court in Abbott’s appeal.  Therefore, Respondent
does not have jurisdiction to act on Abbott’s motion for entry of a nunc pro
tunc order.  See id.; State ex rel. Holmes v. Shaver, 824 S.W.2d 285,
289 (Tex. App.—Texarkana 1992, orig. proceeding); Drew v. State, 765
S.W.2d 533, 535-36 (Tex. App.—Austin 1989), pet. dism’d, improvidently
granted, 805 S.W.2d 451 (Tex. Crim. App. 1991) (per curiam); see also
Tex. R. App. P. 23.1 (“unless the
defendant has appealed,” a trial court may enter a judgment nunc pro tunc); cf.
Ware v. State, 62 S.W.3d 344, 353-54 (Tex. App.—Fort Worth 2001, pet.
ref’d) (trial court retains jurisdiction to enter judgment nunc pro tunc after
notice of appeal is filed until appellate record is filed).  Because Respondent
does not have jurisdiction, he cannot have abused his discretion by refusing to
rule on the motion.

Accordingly, we deny Abbott’s mandamus
petition.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Petition denied

Opinion
delivered and filed January 28, 2009

Do not publish

[OT06]