Opinion filed April 7,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                    Nos. 11-10-00293-CR & 11-10-00294-CR

                                                    __________

 

                            ROBERT
STEVEN DUDLEY, Appellant

 

                                                             V.

 

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 161st District Court

 

                                                             Ector
County, Texas

 

                                        Trial Court Cause
Nos. B-35,899 & B-35,900

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The
jury convicted Robert Steven Dudley of the offense of robbery
in Cause No. 11-10-00293-CR and the offense of aggravated robbery in
Cause No. 11-10-00294-CR.  The jury assessed his punishment at confinement in
the Institutional Division of the Texas Department of Criminal Justice for
terms of fifteen years and thirty-six years, respectively, with the sentences
to be served concurrently.  Appellant timely filed his notices of appeal to
both convictions on October 18, 2010.  We dismiss the appeals.

            The
State has filed motions seeking the involuntary dismissal of both appeals
pursuant to Tex. R. App. P. 42.4.  The
uncontroverted affidavit attached to both motions states in relevant part as
follows:

On
January 29, 2011, at approximately 7:00 p.m., Robert Steven Dudley (hereinafter
referred to as “Dudley”) escaped from custody of the Ector County Jail in
Ector, County, Texas where he was incarcerated as an inmate after he had been
convicted on October 8, 2010 in the 161st District Court of Ector
County, Texas for the offenses of Aggravated Robbery in Cause No. B-35,900 and
Robbery in Cause No. B-35,899.  Dudley did not voluntarily return to lawful
custody after escaping from the Ector County Jail.  Instead, Dudley was
apprehended and arrested by law officers with the Ector County Sheriff’s office
and City of Odessa, Texas Police Department over four hours later at
approximately 11:30 p.m. on January 29, 2011, after he had attempted to steal a
motor vehicle and then hid from law officers in a vacant field located over a
mile away from the Ector County Jail.  

 

Rule
42.4 provides that the appellate court must dismiss an appeal on the State’s
motion, supported by affidavit, showing that the appellant has escaped from
custody pending the appeal and that to the affiant’s knowledge, the appellant
has not, within ten days after escaping, voluntarily returned to lawful custody
within the state.  At first glance, the fact that appellant was recaptured less
than ten days after escaping would appear to complicate our analysis under Rule 42.4. 
However, the Texas Court of Criminal Appeals addressed the identical situation
in Holliday v. State, 482 S.W.2d 215, 216 (Tex. Crim. App. 1972).  The
court stated:

When an appellant
escapes after he has been sentenced and pending his appeal, this court’s
jurisdiction of such appeal is terminated.  Jurisdiction can be reinvested only
by the Voluntary return of the appellant into the custody of the officer from
whom he escaped within ten days.  If the appellant is recaptured before the
lapse of ten days, his escape nevertheless divests this court of jurisdiction
of the appeal.  A recapture of an appellant within ten days, even though it
prevents his voluntary return into custody will not restore jurisdiction of the
appeal.

 

Under the
authority of Holliday and the other cases cited therein, we agree with
the State’s contention that the appeals should be dismissed under Rule 42.4.  

            We
note that counsel has the responsibility to advise appellant that he may file a
petition for discretionary review with the clerk of this court seeking review
by the Texas Court of Criminal Appeals.  Tex.
R. App. P. 48.4 (“In criminal cases, the attorney representing the
defendant on appeal shall, within five days after the opinion is handed down,
send his client a copy of the opinion and judgment, along with notification of
the defendant’s right to file a pro se petition for discretionary review
under Rule 68.”).  Likewise, this court advises appellant that he may file a
petition for discretionary review pursuant to Tex. R. App. P. 68.

The
State’s motions to dismiss are granted, and the appeals are dismissed.

 

                                                                                                PER
CURIAM

 

April 7, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.