**Opinion filed April 7, 2011**



# In The

# Eleventh Court of Appeals

_____

## Nos. 11-10-00293-CR & 11-10-00294-CR

_____

## ROBERT STEVEN DUDLEY, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause Nos. B-35,899 & B-35,900**

## MEMORANDUM OPINION

The jury convicted Robert Steven Dudley of the offense of robbery in Cause No. 11-10-00293-CR and the offense of aggravated robbery in Cause No. 11-10-00294-CR. The jury assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for terms of fifteen years and thirty-six years, respectively, with the sentences to be served concurrently. Appellant timely filed his notices of appeal to both convictions on October 18, 2010. We dismiss the appeals.

The State has filed motions seeking the involuntary dismissal of both appeals pursuant to TEX. R. APP. P. 42.4. The uncontroverted affidavit attached to both motions states in relevant part as follows:

> On January 29, 2011, at approximately 7:00 p.m., Robert Steven Dudley (hereinafter referred to as "Dudley") escaped from custody of the Ector County Jail in Ector, County, Texas where he was incarcerated as an inmate after he had been convicted on October 8, 2010 in the 161st District Court of Ector County, Texas for the offenses of Aggravated Robbery in Cause No. B-35,900 and Robbery in Cause No. B-35,899. Dudley did not voluntarily return to lawful custody after escaping from the Ector County Jail. Instead, Dudley was apprehended and arrested by law officers with the Ector County Sheriff's office and City of Odessa, Texas Police Department over four hours later at approximately 11:30 p.m. on January 29, 2011, after he had attempted to steal a motor vehicle and then hid from law officers in a vacant field located over a mile away from the Ector County Jail.

Rule 42.4 provides that the appellate court must dismiss an appeal on the State's motion, supported by affidavit, showing that the appellant has escaped from custody pending the appeal and that to the affiant's knowledge, the appellant has not, within ten days after escaping, voluntarily returned to lawful custody within the state. At first glance, the fact that appellant was recaptured less than ten days after escaping would appear to complicate our analysis under Rule 42.4. However, the Texas Court of Criminal Appeals addressed the identical situation in *Holliday v. State*, 482 S.W.2d 215, 216 (Tex. Crim. App. 1972). The court stated:

> When an appellant escapes after he has been sentenced and pending his appeal, this court's jurisdiction of such appeal is terminated. Jurisdiction can be reinvested only by the Voluntary return of the appellant into the custody of the officer from whom he escaped within ten days. If the appellant is recaptured before the lapse of ten days, his escape nevertheless divests this court of jurisdiction of the appeal. A recapture of an appellant within ten days, even though it prevents his voluntary return into custody will not restore jurisdiction of the appeal.

Under the authority of *Holliday* and the other cases cited therein, we agree with the State's contention that the appeals should be dismissed under Rule 42.4.

We note that counsel has the responsibility to advise appellant that he may file a petition for discretionary review with the clerk of this court seeking review by the Texas Court of Criminal Appeals. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a

2

copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68.").  Likewise, this court advises appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The State's motions to dismiss are granted, and the appeals are dismissed.

PER CURIAM

April 7, 2011

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.